**In the Matter of David Nelson ZIEGLER Lena Louise Ziegler, Debtors.**

**Bankruptcy No. 3–80–00957.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

May 26, 1982.

**450**

James R. Warren, Springfield, Ohio, trustee.

Charles N. Ricketts, Springfield, Ohio, for debtors.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### PRELIMINARY PROCEDURE

This matter is before the Court upon the Trustee's "Objections to Claim of Exempt Property" filed on 17 May 1980. The Court heard the matter on 13 June 1980. Both parties subsequently submitted post-trial memoranda. The following decision is based upon the evidence adduced at the hearing, and parties' memoranda, and the record.

### FINDINGS OF FACT

The pertinent facts are not in controversy. Debtors filed a Joint Petition in this Court on 11 April 1980. Debtors' Schedules claim exemptions in "the equity in real estate at 635 Miami Street, Urbana, Ohio," (hereinafter Debtors' home), in the amounts of $10,000.00 pursuant to O.R.C. § 2329.-66(A)(1) and $800.00 pursuant to O.R.C. § 2329.66(A)(17). The complicating fact, however, is that the record title to the home was not in Debtors' name on the date of Debtors' Petition filing, but instead had been transferred to Frank E. Ziegler and Gerry J. Ziegler on 19 February 1980, less than two months prior to Debtors' petition in bankruptcy.

The Trustee essentially contends that the exemptions "... should be held to be non-existent since the fact [Debtors] have no interest in the property subject to being set off as exempt." In his memorandum, the Trustee contends that Debtors' pre-Petition transfer of the deed constituted a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(2). The Court notes, however, that the issue of a fraudulent conveyance is not in issue *instanter*, as the parties have presented no legal argument or supporting evidence for determination of the voidability of the pre-Petition conveyance. Instead, the Trustee "... suggests that it is incumbent upon him to clear up the claim of exemption in the property prior to filing proceedings to avoid the transfer since, if the Debtors are entitled to the exemption as claimed, it would be a vain thing for the Trustee to seek to void the transfer and have the property become part of Debtors' estate."

Debtors respond that "... the only reason the transfer was made was because the children of the bankrupts were fearful that the bankrupts (their parents) would sell ... (their home) and have no place to live." Debtors further argue that, "Therefore, the real estate is in fact, the home of the bankrupts and only because of the bankrupt, David Ziegler's senility in thinking about selling his home and moving somewhere else where he can't afford to do so, was the property transferred to the son, Frank Ziegler who can now make sure that it is never sold and that his parents will always have a home and a place to live." Basically, therefore, Debtors contend that the deed to the home was voluntarily transferred by them for the sole purpose of "protecting" Debtors from a "reckless" sale of "their" home, and that the parties intended that the real estate would serve as Debtors' home for the remainder of their lives. The Court notes that Debtors' son, Frank Ziegler, testified that the deed had been transferred to him because he had invested $2,700.00 as down-payment for the home approximately eight years before Debtors' Petition filing, and had since "made a deal" with the mortgagee-bank to undertake payment of the monthly mortgage installments on Debtors' behalf. Debtors' son, however, elaborated Debtors' position by affidavit, stating:

> For six or seven months before February of 1980, my mother and father had been talking about selling their home.... During this period of time, my parents only income ... is [*sic*] their social security check which is a minimul [*sic*] amount. The mortgage payments on this house are $43.00 per month. There is no way my parents could afford to move, ... they can't even live on their income with their house payments of $43.00 per month. Therefore, I had them convey their house to me so that I could make sure that they could never sell it so that they would have a place to live for the rest of their lives.... As far as I am concerned the house is still my parents' house.

Debtors' Statement of Affairs further elaborates that,

> In early February of 1980, [We were] three mos. behind in mortgage payments on our house, (635 Miami St., Urbana) and [our] son Frank had paid $2,700.00 as a down payment over eight years ago and to protect his $2,700.00 he caught the back payments up to keep us from losing the house and we transferred the house to him in February of 1980 and he assumed the balance on the loan in the amount of $3,000 and the house was worth about $14,000.00 at that time.

## DECISION AND ORDER

The parties do not dispute that Debtors used the subject home as a "residence" for purposes of O.R.C. § 2329.66(A)(1). The basic issue confronting the Court therefore is whether the facts as presented, (i.e. without the exercise of the Trustee's avoidance powers), establish entitlement to the exemptions under O.R.C. § 2329.66(A)(1) and (17) as alleged.

### I

■ The initial question which the Court must decide is whether, on the facts, Debtors have established a property interest suf-

452

ficient to sustain the instant claims for exemptions. Neither O.R.C. § 2329.66(A)(1) nor (17) qualify the nature of the "interest in property" which may be exempted. Although state law is controlling, (11 U.S.C. § 522(b)(1) and O.R.C. § 2329.662), the term, "interest," as used in O.R.C. § 2329.66(A) may be read so expansively that as a practical matter the bounds defining property which may be exempted are established by federal law, to the extent property may be available for payment to creditors. It is the opinion of the Court, therefore, that any interest which is found to constitute property of the estate under 11 U.S.C. § 541 may validly be claimed by a Debtor to constitute a "property interest," as that term is used in O.R.C. § 2329.66(A).

In the instant case, Debtors argue that the Court should determine that the subject home is property of Debtors, and "... that the exemption should be allowed as this is the clear intent of the bankruptcy law in order to preserve and protect equity in bankrupts['] home." The parties agree, however, that Debtors do not possess legal titles to the property. In addition, Debtors have not alleged retention of a present legal property interest, such as a life estate or remainder interest, in the subject property.

■ The question is whether Debtors have established an equitable interest which constitutes "property of the estate." 11 U.S.C. § 541(a)(1) and (c)(1)(A). It is the finding of the Court that they have not. Equitable interests in real estate, may constitute an "interest in property" for purposes of O.R.C. § 2329.66(A)(1) and (17). The apparent intent of the parties at bar was that the Debtors retain a life estate in the property. It is the opinion of the Court that such a valid life estate might constitute property of the estate under 11 U.S.C. § 541, and that such "property interest," could, arguably, have been exempted from creditor "attack." Note 11 U.S.C. § 541(c)(1)(A). The facts, however, do not substantiate the existence of a life estate by either express grant in the deed or by enforceable reservation of such interest by Debtors, as grantors, at the time of the

pre-petition transfer, and this Court does not believe that an equitable creation of a life estate is sufficient. See generally, 28 Am.Jur.2d Estates §§ 64 and 67. In addition, it is the opinion of the Court that the Debtors have not substantiated the existence of a factual setting sufficient to warrant the creating of equitable title to the property on behalf of Debtors. See *Imperial Heights Apts. Ltd.*, 18 B.R. 858 (Bkrtcy.S.D.Ohio 1982).

II

■ The question which remains is whether any exemption Debtors would have had in the home but for the pre-petition transfer has been forfeited by the transfer, assuming *arguendo* that such transfer is voidable as a fraudulent conveyance under 11 U.S.C. § 548(a)(2)(A) and (B)(i). It is the determination of the Court that Debtors exemptions in the home equity have been waived by the voluntary relinquishment of property interests prior to the Petition filing.

Debtors, under 11 U.S.C. § 522(b), or the Trustee, under 11 U.S.C. § 522(i)(2), may only exempt property avoided under 11 U.S.C. § 548 if the criteria of 11 U.S.C. § 522(g)(1) are satisfied. 11 U.S.C. § 522(h) and (i)(2). In this case, although the facts do not indicate concealment of the transfer by Debtors, the facts do establish, by Debtors own admission, that, prior to their Petition filing, Debtors relinquished their property rights by "voluntary transfer" of the property. 11 U.S.C. § 522(g)(1)(A).

■ The Code does not contemplate exemptions on behalf of Debtors who have voluntarily transferred their property rights so as to give rise to the Trustee's avoidance powers, since these powers typically involve attempts by debtors to transfer or distribute estate assets to avoid equal distribution among unsecured creditors. Avoidance of such transfers for the benefit of creditors does not restore Debtors' property interest; and, because the parties acted in good faith and did not conceal the transaction does not alter this principle.

This concept was firmly clarified by Section 6, of the Bankruptcy Act, (11 U.S.C. § 24) in 1938 for the sake of national uniformity, finally to resolve a conflict that had developed among state court decisions. The only change adopted by section 522(g) is to make it clear that a debtor does not lose an exemption if the property was transferred involuntarily, as on execution or other process. If there is a voluntary transfer, as herein, the exemption is deemed waived, and it is not a condition that the transfer be fraudulent or avoidable by a Trustee in Bankruptcy. Otherwise, the traditional principles antedating enactment of the Bankruptcy Code still prevail.

*IT IS HEREBY ORDERED, ADJUDGED AND DECREED* that the Trustee's Objections to Debtors' Claims of Exemptions under O.R.C. § 2329.66(A)(1) and (17) are SUSTAINED.