In re Raymond J. McQUEEN, Jr., Barbara A. McQueen, Debtors.

Bankruptcy No. 81–00253.

United States Bankruptcy Court, D. Vermont.

Oct. 22, 1982.

Opinion on Denial of Rehearing Dec. 15, 1982.

See 25 B.R. 592.

David Otterman, Bradford, Vt., for Bradford Nat. Bank.

Samuel C. Fitzpatrick, Montpelier, Vt., for Agway, Inc.

Joseph C. Palmisano, Barre, Vt., for debtors.

Douglas J. Wolinsky, Burlington, Vt., Trustee.

## MEMORANDUM AND ORDER AS TO EXEMPTIONS

CHARLES J. MARRO, Bankruptcy Judge.

The above-named Debtors filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on September 4, 1981 and they claimed exemptions under the laws of the State of Vermont. Upon their Motion to Amend so that they could claim exemptions pursuant to 11 U.S.C. § 522 of the Bankruptcy Code, an Order was entered, after notice and a hearing, permitting them to claim exemptions under § 522(d) in lieu of the state exemptions. Accordingly, they amended Schedule B–4 by claiming as exempt, inter alia, the following:

"Husband's Election

| "Homestead | East Barre, Vt. | Sec. 522(d)(1) | H | $2,500.00 |
| Recovered | (Remainder of Homestead | Sec. 522(d)(1) | H | 5,000.00 |
| Preferences: | Exemption) | Sec. 522(d)(5) | . | . . |

"Wife's Election

| "Homestead | East Barre, Vt. | Sec. 522(d)(1) | W | 2,500.00 |
| Recovered | (Remainder of Homestead | | | |
| Preferences | Exemption) | Sec. 522(d)(1) | W | 4,400.00 |
| . . . | | | | |
| Milk Check | Agri-Mark, Andover, Mass. | Sec. 522(d)(1) & Sec. 552(d)(5) | W | 1,000.00" |

The Schedules show that the homestead property of the Debtors is valued at $14,-000.00 but is subject to a purchase money mortgage with a balance due of $7,693.92 thereby leaving an equity in the homestead of $6,306.08.

That portion of the exemptions designated as "recovered preferences" refers to an action brought by the Trustee against the Bradford National Bank to recover an alleged preference arising from the transfer by the Debtors on account of an antecedent debt of approximately 44 head of cattle which were sold by the Bank for approximately $23,000.00. This Complaint is pending and the Debtors are attempting to lay claim to the sums of $5,000.00 by the husband and $4,400.00 by the wife as part of their exemptions pursuant to § 522(d)(5) of the Bankruptcy Code.

The records in this case indicate that on April 11, 1980 the Debtors executed and delivered to the Bradford National Bank a security agreement granting to the Bank a security interest in all livestock (including offspring) now owned and hereafter acquired plus any replacements or substitutions thereof as security for a loan in the total sum of $14,874.39 and that the Bradford National Bank caused to be recorded in the Town Clerk's office of Groton, Vermont, and in the office of the Secretary of State financing statements describing the aforesaid collateral on May 6, 1980 and May 8, 1980, respectively.

On April 15, 1981 the Debtors executed and delivered to the Bradford National Bank a security agreement granting to it a security interest in all livestock to secure payment of the total sum of $22,457.20 and the Bank caused to be filed in the offices of the Town Clerk of Williamstown and of the Secretary of State financing statements covering all livestock as collateral on April 29, 1981.

Agway, Inc., is listed in the Schedules as a secured creditor by virtue of a judgment obtained against the Debtors on December 1, 1981 in the sum of $5,013.03.

Both the Bradford National Bank and Agway, Inc., have objected to the allowance of the amendments claimed by the Debtors in the proceeds to be recovered by the Trustee by virtue of the pending preference action. Both creditors contend that there has been a voluntary transfer of the cattle by the Debtors and under § 522(g) a debtor may not claim proceeds recovered in certain actions as exempt unless the transfer of the property by the debtor was not voluntary. In addition, Agway, Inc., contends that the Debtors must first use up their homestead exemption before they may claim a spillover under § 522(b)(5) of the Bankruptcy Code. This provides that the debtor may claim his aggregate interest, not to exceed $400.00, plus any unused amount of his $7,500.00 exemption in value in real or personal property used by him as a residence.

The Court is not prepared to agree with the argument of Agway, Inc., that the debtor must first use the entire residence exemption of $7,500.00 to which he may be entitled before he can claim any spillover under § 522(d)(5). However, the execution and delivery by the Debtors to the Bradford Bank of the security agreement granting a security interest in the cattle was clearly a voluntary transfer of this property by the Debtors.

In addition, although there has not as yet been an evidentiary hearing, the records in the case seem to indicate that the cattle were sold at an auction conducted jointly by the Debtors and the Bradford National Bank. This would clearly indicate a voluntary transfer of the property by the Debtors under the Bankruptcy Code. As pointed out by the Bradford Bank a transfer is defined as follows:

"'transfer' means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest." § 101(40)

Under § 522(g) the Debtors may claim as exempt any proceeds recovered by the Trustee in the avoidance of a preference only if the transfer of the property was not a voluntary transfer by the debtor and the

debtor did not conceal such property. The record is clear that there was no concealment of property by the Debtors. However, they are still not entitled to any exemption in the proceeds of a preference avoided by the Trustee since they voluntarily transferred the property which is the subject matter of the alleged preference. See *In Re Tuttle* (Bkrtcy.D.Kan.1981), 15 B.R. 14, 5 CBC 2d 618, 626 as follows:

"A discussion of this section may be found at 3 Collier on Bankruptcy § 522.-08(3) at 523–31 (15th ed.1980):

"Where the trustee recovers property *fraudulently conveyed or concealed* the debtor may not claim exemptions out of the recovered property. *The transfer need not be fraudulent to defeat the debtor's right to claim an exemption in such property. Section 522(g) provides that such transfer need only be voluntary.* This section[1] lists the various sections of the Code upon which the trustee may recover transferred property. ... Ordinarily, under section 522(g), in such recoveries of property, a claim of exemption would attach. This is not the case, however, when the transfer was voluntary by the debtor. (emphasis added)."

*In Re Tuttle,* supra, was affirmed by the U.S. District Court, 5 CBC 2d 627. See also *In Re Lamping* (Bkrtcy.E.D.Wis.1981) 8 B.R. 709 likewise holding that under § 522(g) a debtor may claim an exemption in property recovered by a trustee only if the transfer was not voluntary.

In view of the fact that there was a voluntary transfer of the cattle by the Debtors to the Bradford National Bank upon the execution and delivery to the bank of a security agreement and since the Debtors further voluntarily transferred the cattle by joining in the auction with the bank, they are not entitled to any part of the proceeds which the Trustee may recover by avoiding the alleged preference.

ORDER

Now, therefore, upon the foregoing it is

ORDERED that the claims of the debtors, Raymond J. McQueen, Jr., and Barbara A. McQueen, to "Recovered Preferences" in the sums of $5,000.00 and $4,400.00, respectively, under their amended exemptions are hereby DENIED.

[1]. Refers to § 522(g) of the Code.