In re Bud E. BLOOM, Joan Bloom, dba Bloom & Bloom Construction, dba Bloom's Woodworks, Debtors.

Wade P. BETTIS, Jr., Trustee in Bankruptcy, Plaintiff,

v.

BUSINESS & PROFESSIONAL ADJUSTMENT COMPANY, A DIVISION OF CREDIT BUREAU OF BAKER COUNTY, OREGON, LTD., an Oregon corporation, Defendant.

Bankruptcy No. 382–02056.
Adv. No. 82–0849.

United States Bankruptcy Court,
D. Oregon.

March 30, 1983.

572

Stephen P. Riedlinger, La Grande, Or., for debtors.

Wade P. Bettis, La Grande, Or., trustee.

John L. Jacobson, Baker, Or., for defendant.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

On November 5, 1982 the above adversary proceeding was instituted by the filing of the trustee's complaint to void under 11 U.S.C. § 547 a security interest in certain property of the bankruptcy estate as a preference. Thereafter the trustee moved to dismiss the proceeding with prejudice upon his determination that the granting of a security interest to the defendant did not constitute a preferential transfer. On January 6, 1983 an order was entered dismissing the proceeding with prejudice.

On February 4, 1983, the debtors filed a motion for reconsideration wherein they sought to avoid the transfer of the security interest under 11 U.S.C. § 547 in order to claim an exemption in a 1979 Chevrolet pickup.

The affidavit filed by the debtors and the defendant show that in 1981 the defendant obtained two judgments against the debtors. On April 1, 1980 the sheriff, under an execution upon the judgments, levied upon the pickup and other property. The debtors in order to prevent a sale upon execution of the pickup and other property, proposed to the defendant that the debtors pay the sum of $500 to apply upon the judgment, make periodic payments to satisfy the balances and grant the defendant a security interest in the pickup to secure the agreement to pay in installments. The security interest was granted within 90 days of the date of the filing by the debtors of their petition in bankruptcy. Subsequent to the granting of the security interest, the defendant released its lien of execution upon the pickup.

The debtors seek relief under § 522(f) and § 522(h).

Under § 522(f) a debtor may avoid the fixing of a lien on an interest of the debtor in a motor vehicle to the extent that such lien impairs an exemption to which the debtor would have been entitled under § 522(b) but only if such lien is a judicial lien. This section is not applicable to the facts in this case since the debtors are not seeking to avoid the lien of execution but rather are seeking to avoid a lien by way of a security interest granted by the debtors to the defendant. It is evident that Congress intended different treatment for judicial liens than for security interests. While a judicial lien upon a motor vehicle may be voided, a security interest upon a motor vehicle cannot be voided. The fact that a judicial lien was, by agreement between the parties, voided in return for the creation of a security interest, does not render the security interest a judicial lien for the purpose of § 522(f).

Under § 522(h) a debtor may avoid a transfer of property to the extent that the debtor could have exempted such property if the trustee had avoided such trans-

fer if the transfer is voidable by the trustee under § 547 and if the trustee does not attempt to avoid such transfer. Such avoidance by the debtor is however limited by the reference in subsection (h) to subsection (g) which permits the debtor to claim an exemption in the property only if the transfer was not a voluntary transfer by the debtor. The debtors argue that the granting of the security interest to the defendant was not a voluntary transfer because they would not have granted the security interest to the defendant but for the defendant's threat to have the pickup and the other property sold on execution to satisfy the judgments and that by reason of this threat they were coerced into granting the security interest. It should require no citation of legal precedent to establish that a threat to take action to collect a debt or a judgment by legal means does not constitute such coercion as to transform the voluntary grant of a security interest into an involuntary transfer of property. Nor should any citation be necessary to establish that an agreement to forestall collection of a judgment is adequate consideration to support a contract to grant a security interest in property. It is clear that the granting of the security interest by the debtors to the defendant was a voluntary transfer and that the debtors therefore are not entitled to relief under § 522(h).

Since the debtors do not have the right under either § 522(f) or § 522(h) to avoid the security interest in the pickup, it is not necessary for the court to determine whether the creation of the security interest constituted a preference under § 547. If the court were called upon to decide this question it would appear that no preference occurred. The lien of execution arose on April 1, 1980 when the sheriff levied execution. This was more than 90 days prior to the filing of the petition in bankruptcy on July 2, 1982. The affidavit of the defendant shows that the property levied upon exceeded in value the amounts owing on the judgments. Had the property been sold on execution the debts would have been satisfied in full. The transfer of a security interest in the pickup in return for a release

of the judicial lien therefore did not enable the defendant to receive more than if the transfer had not been made. The trustee therefore would not have been able to avoid the security interest because of the provisions of § 547(b)(5)(B).

This memorandum opinion shall constitute findings and conclusions under Bankruptcy Rule 752.