In re Edward Charles RIGGSBY and Donna Lee Riggsby, Debtors.

Edward Charles RIGGSBY and Donna Lee Riggsby, Plaintiffs,

v.

FORT OGLETHORPE STATE BANK, Defendant.

Bankruptcy No. 1–81–00994.
Adv. No. 1–81–0414.

United States Bankruptcy Court,
E.D. Tennessee.

Sept. 27, 1983.

Bates, Bryan, Jr., Chattanooga, Tenn., for plaintiffs.

Mark J. Mayfield, Chattanooga, Tenn., for defendant.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

The plaintiffs brought this suit against the defendant to recover and exempt an alleged set-off. 11 U.S.C. §§ 522(h) & 553.

One of the plaintiffs, Mrs. Riggsby, had arranged for her payroll checks to be deposited directly to her checking account with the defendant, without her actually receiving the check.

On April 23, 1981, the defendant informed Mrs. Riggsby that it had taken her entire payroll check of $329.48 as payment on two loans on which she was behind in payments.

On May 22, 1981, Mrs. Riggsby filed a petition in bankruptcy. Ninety days before then, on February 21, 1981, Mrs. Riggsby's checking account with the defendant was overdrawn by $3.21.

The plaintiffs cannot recover if the transfer in question was "voluntary". 11 U.S.C. § 522(g). The transfer in question was not the plaintiff's deposit of the check. It was the bank's taking of the deposit as payment on the plaintiff's debts. Obviously this was not a voluntary transfer in the usual sense.

The defendant, however, argues that the transfer was voluntary because the promissory notes executed by the plaintiff gave it a security interest in the check and the checking account.

■ The court does not deny that a bank can have a security interest in a deposit pledged for security and in the bank's control. *Duncan Box & Lumber Co. v. Applied Energies, Inc.,* 270 S.E.2d 140, 29 U.C. C.Rep.Serv. 1731, 1736–1737 (W.Va.1980). As to a checking account, however, the reservation of a security interest in the account or items deposited to the account amounts to no more than the right of set-off in a verbal disguise. See *Cissell v. First National Bank,* 476 F.Supp. 474, 490–491, 27 U.C.C.Rep.Serv. 1393 (S.D.Ohio 1979); *Kenney's Franchise Corp. v. Central Fidelity Bank,* 12 B.R. 390, 7 B.C.D. 1281, 4 C.B.C.2d 1112 (Bkrtcy.W.D.Va.1981); *Duncan v. First Heritage Bank,* 10 B.R. 13, 6 B.C.D. 1310 (Bkrtcy.E.D.Tenn.1980); *Duncan Box & Lumber Co. v. Applied Energies, Inc.,* above.

■ Assuming Georgia law applies, the differences between the 1972 version of Article 9 of the Uniform Commercial Code as adopted in Georgia and the earlier version in force in Tennessee make no difference to the court's reasoning. Both versions recognize that a bank may have a contractual lien on a debtor's account with the bank. The court has concluded, however, that the alleged security interest in the debtor's checking account is actually a right of set-off.

■ The court holds that the transfer in question was an involuntary set-off. The remaining question is the extent to which it is avoidable.

It was not disputed that Mrs. Riggsby owed the bank more than the balance in her account at all times during the 90 days before her bankruptcy. 11 U.S.C. § 553(b)(1). For purposes of the set-off statute, Mrs. Riggsby had a zero account balance ninety days before her bankruptcy. The insufficiency of the account to pay Mrs. Riggsby's debts was reduced by the amount of the deposit that was offset. Accordingly, Mrs. Riggsby is entitled to recover the entire amount of the deposit, $329.48.

The defendant has not argued that Mrs. Riggsby lacks a sufficient amount of exemptions to include this recovery. The court in an earlier opinion overruled the defendant's arguments concerning the debtors' failure to claim the recovery as exempt in their schedules.

■ The defendant also argued that this property was concealed by the debtors and therefore cannot be claimed as exempt. 11 U.S.C. § 522(g)(1)(B). The defendant admits, however, that the debtors revealed the existence of the account at the meeting of creditors. Furthermore, the debtors filed their complaint within two weeks after the meeting. The court thinks there was no concealment sufficient to deny the right to exempt the recovery.

The court will enter a judgment against the defendant for $329.48.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.