**In re Anthony Robert DARGIS, Debtor.**

**Bankruptcy No. 81–04379 T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 17, 1984.

K. Tucker Landon, Schuylkill County Legal Service, Inc., Pottsville, Pa., for debtor.

Anthony J. Miernicki, Shenandoah, Pa., for Genevieve DeAngelo.

Steven Kachmar, Pottsville, Pa., for Robert Yeager.

OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this Chapter 7 case, the debtor seeks, pursuant to Section 522(h) of the Bankruptcy Code, 11 U.S.C. § 522(h), to avoid the transfer of his tools and their containers in order to recover from the transferee and exempt the value of the tools and their containers. For the reasons hereinafter given, we conclude that the transfer in question cannot be avoided by the debtor.[1]

1. This Opinion constitutes the findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

## I. FACTS

The debtor filed his Chapter 7 bankruptcy petition on October 27, 1981. Sometime in August, 1981, the debtor made an agreement with Genevieve DeAngelo, the person from whom he rented the automobile repair garage which he had been operating and to whom he owed approximately $2,385.00. The handwritten agreement was signed by both the debtor and Mrs. DeAngelo. It provided for Mrs. DeAngelo to take immediate custody of the debtor's tools and their containers, which she did. The agreement further provided, essentially, that if the debtor did not pay to Mrs. DeAngelo any of his $2,385.00 debt to her within 60 days, she was entitled to keep the tools and their containers in satisfaction for the debt. Apparently, the debtor ceased operating the automobile repair garage on the same day that the agreement was signed. Following the expiration of more than 60 days and not having received any money from the debtor, Mrs. DeAngelo sold the tools and their containers for $1,200.00 to a third party on or about November 1, 1981.

In the present action, the debtor requests that Mrs. DeAngelo be ordered to pay him the $1,200.00 which she received from selling the tools and their containers and that, in turn, he be permitted to exempt the $1,200.00 in substitution for his exemption of the tools and their containers themselves in his bankruptcy schedules.

The debtor initiated this proceeding by filing a pleading entitled "Petition For Injunctive Relief", which we deem to be in the nature of a complaint to avoid a transfer pursuant to 11 U.S.C. § 522(h), noting also that no objection to the debtor's form of pleading has been raised.

## II. STATUTORY FRAMEWORK

11 U.S.C. § 522(h) states:

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title: and

(2) the trustee does not attempt to avoid such transfer.

Section 522(g) of the Bankruptcy Code, 11 U.S.C. § 522(g), states:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

The effect of these two provisions is that if the trustee does not pursue an avoiding power to recover a transfer of property that would be exempt, the debtor may pursue it and exempt the property, if the transfer was involuntary and the debtor did not conceal the property. In the present case, the trustee did not attempt to avoid the transfer. The avoiding power invoked by the debtor is Section 547(b) of the Bankruptcy Code, 11 U.S.C. § 547(b), which permits the avoidance of preferential transfers of property of a debtor. Section 547(b) states:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made-

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer-

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if-

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

### III. DISCUSSION

It is undisputed that the debtor has satisfied all five elements of § 547(b). The parties also agree that the only disputed issue in this matter is whether the debtor's transfer of the tools and their containers to Mrs. DeAngelo in August, 1981 was a voluntary or involuntary transfer within the meaning of § 522(g)(1)(A). The debtor cannot succeed in this matter unless he can show that the transfer was not a voluntary transfer.

The debtor's factual allegations in support of his argument that the transfer in question was not voluntary are essentially as follows: The handwritten agreement was written by Mrs. DeAngelo and presented to the debtor. There was no bargaining over the terms of the agreement. The debtor did not read the agreement and is not sure whether he understood it at that time. However, the debtor admittedly does not categorically deny Mrs. DeAngelo's testimony that she read the agreement to him

and gave him the opportunity to read it himself. The debtor admits that he signed the agreement. Also, the debtor has a "drinking problem" and claims that he may have been intoxicated when he signed the agreement.

Mrs. DeAngelo disputes some of the debtor's factual allegations [2] and testified as to additional facts supporting her position that the transfer in question was voluntary.

■ There is no need for us, however, to decide any questions of credibility. For even if we accept the debtor's version of the facts, we cannot conclude that the transfer was involuntary, an issue on which the debtor has the burden of proof. The debtor's factual allegations, some of which are hazy and equivocal, simply do not set forth a sufficient basis for meeting his burden of proof in this regard.

Furthermore, there is no evidence that Mrs. DeAngelo used any threats, coercion, or pressure to induce the debtor to sign the agreement. Also, there is no evidence that the debtor was intoxicated when he signed the agreement or that he has any difficulty in reading, writing, or understanding the English language. Additionally, the agreement is not complex or confusing. Rather, it is a straightforward and legibly handwritten document, containing three simple sentences in layman's language on a single sheet of paper.

We note, finally, that the debtor has cited no cases in his brief, and we are aware of none which supports his position. In this regard, we point out that our relatively recent decision in *In re Seidel*, 27 B.R. 347 (Bkrtcy.E.D.Pa.1983), in which we found a transfer to be involuntary under § 522(g)(1)(A), and which was published after the filing of the debtor's brief, provides no support for the debtor's position in the present matter.

For all of the foregoing reasons, we find that the debtor has failed to show that the transfer in question was not voluntary un-

---

**2.** For example, Mrs. DeAngelo testified that the debtor did, in fact, read the agreement before signing it.

der § 522(g)(1)(A). Therefore, the debtor's Petition For Injunctive Relief shall be denied.