**In re Dennis and Penelope
SNYDER, Debtors.**

**John J. HUNTER, Trustee, Plaintiff,**

**v.**

**Paul R. SNYDER, et al., Defendants.**

**Bankruptcy Nos. 88–0259, 88–01621.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Nov. 1, 1989.

John J. Hunter, Toledo, Ohio, for plaintiff.

David A. Hyman, Paulding, Ohio, for defendants, Dennis P. & Penelope A. Snyder.

Louis J. Hattner, Michael W. Bragg, Toledo, Ohio, for defendants, Paul L. & Geraldine Snyder.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the parties' Cross–Motions for Summary Judgment on the Trustee's Complaint for Possession, to Avoid Liens and for Authority to Sell Free and Clear. The Court has reviewed the written arguments of counsel, the affidavit and exhibits, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that the Trustee's Motion for Summary Judgment should be granted, and the Debtor–Defendants' Motion for Summary Judgment should be denied.

## FACTS

The facts in this case are not in dispute. On or about April 11, 1988, the Debtor–Defendants, Dennis P. Snyder and Penelope A. Snyder, transferred a second mortgage on a Five (5) acre parcel of real estate to Paul L. Snyder and Geraldine A. Snyder. Paul and Geraldine Snyder are the parents of Dennis P. Snyder. The Debtors filed for relief under Chapter 7 on July 14, 1988.

On August 25, 1988, the Trustee filed his Complaint seeking recovery of the real estate, and other property, The Trustee's Complaint alleged, *inter alia*, that the transfer was preferential and avoidable, having been made to an insider for an antecedent debt. Paul and Geraldine Snyder released and cancelled their second mortgage on February 8, 1989. For purposes of the Motions for Summary Judgment, the Court will assume that the property was reconveyed in response to the preference portion of the Trustee's Complaint, rather than the fraudulent conveyance allegation.

In their Petition, Dennis and Penelope Snyder listed a claimed exemption of Ten Thousand Dollars ($10,000.00) in the Five (5) acre parcel. The issue before the Court is whether or not the Snyders may assert their exemption against the equity that they had previously voluntarily transferred.

## LAW

Transferred property which is recovered by the Trustee is preserved for the benefit of the estate under 11 U.S.C. § 551, which provides:

**§ 551. Automatic preservation of avoided transfer.**

Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

The Debtors' ability to exempt property subject to avoidance by the Trustee is governed by 11 U.S.C. § 522(g), which states:

Notwithstanding section 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this

title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

■ Initially, the Court notes that although Ohio has opted out of the federal exemptions provided by § 522(d), § 522(g) supersedes state law and is applicable to property recovered by the Trustee in this case. *In re Trevino*, 96 B.R. 608, 612 n. 9 (Bankr.E.D.N.C.1989); *In re Gingery*, 48 B.R. 1000, 1002 (D.Colo.1985); 3 *Collier on Bankruptcy* 522.08, at 522–33 (15th ed. 1989).

■ The Trustee does not contest the Debtors' right to exempt any equity over and above the second mortgage interest which was conveyed. This is a proper interpretation of the law. The language of § 522(g)(1)(A) was not intended to prevent a debtor from exempting equity in mortgaged property that could have been exempted even if the trustee had not avoided the transferred security interest. *See, In re Rollins*, 63 B.R. 780, 783 (Bankr.E.D. Tenn.1986).

Essentially, § 522(g) codifies an equitable distinction. This provision recognizes that where a property interest has been involuntarily taken from a debtor by means such as execution, repossession or certification of judgment, it would be inequitable for the debtor to be unable to assert an otherwise allowable exemption after the property, or its value, has been recovered by the trustee under powers granted by the Bankruptcy Code. *In re Savage*, 92 B.R. 259, 261 (Bankr.S.D.Ohio 1988). On the other hand, the Code does not contemplate exemptions on behalf of debtors who have voluntarily transferred their property rights so as to give rise to the trustee's avoidance powers, since these powers typically involve attempts by debtors to trans-fer or distribute estate assets among unsecured creditors in an unequal manner. *In re Ziegler*, 20 B.R. 449, 452 (Bankr.S.D. Ohio 1982).

■ Debtors are not granted any additional exemption rights under § 522(g). If a debtor would otherwise be entitled to claim an exemption, § 522(g) allows the debtor to exempt property recovered by the trustee if (1) the transfer was not a voluntary transfer by the debtor, and (2) the debtor did not conceal the property. *Redmond v. Tuttle*, 698 F.2d 414, 417 (10th Cir.1983); *In re Trevino*, 96 B.R. 608, 612 (Bankr.E.D.N.C.1989); *Matter of Weis*, 92 B.R. 816, 821 (Bankr.W.D.Wis.1988); *In re Gingery*, 48 B.R. 1000, 1004 (Bankr.D.Colo. 1985); *In re McQueen*, 24 B.R. 110 (Bankr. D.Vt.1982), *on reh'r, In re McQueen*, 25 B.R. 592, 594 (Bankr.D.Vt.1982); *Matter of Huebner*, 18 B.R. 193, 194 (Bankr.W.D. Wis.1982). The burden is on the debtor to establish that the transfer was not "voluntary". *In re Trevino*, at 613; *Matter of Weis*, at 821; *In re Dargis*, 36 B.R. 866, 868 (Bankr.E.D.Penn.1984).

■ In the present case, there has been no allegation that the Debtors concealed their transfer of the mortgage interest to Mr. Snyder's parents. At pre-trial, the Debtors did argue that the transfer was not "voluntary". They also denied that the transfer was voluntary in their Answer to the Trustee's Complaint. However, in the Debtors' Memorandum in support of their Motion for Summary Judgment, the issue of whether the transfer was voluntary was not discussed.

A number of cases have focused on the question of what is a "voluntary transfer". In the *Trevino* case, the Court stated that a transfer is involuntary only when it is beyond the debtor's personal control. It is not involuntary when a transfer is made simply because the debtor knows that the creditor would otherwise pursue other collection efforts. *Redmond v. Tuttle*, 698 F.2d at 418; *In re Trevino*, 96 B.R. at 613; *In re Nolen*, 40 B.R. 6, 8–9 (Bankr.M.D. Ala.1984); *In re Bloom*, 28 B.R. 571, 573 (Bankr.D.Or.1983); *In re McQueen*, 25

B.R. at 594; *In re Huebner,* 18 B.R. at 194–195.

The Trustee has filed an affidavit with his Motion for Summary Judgment. In the affidavit, the Trustee states that the Debtors testified at the first meeting of creditors that the second mortgage was given to secure an antecedent debt. At a pre-trial on this matter, Debtor's counsel indicated that the consideration for the transfer was "forebearance" by Paul and Geraldine Snyder in not foreclosing on the property. *See generally, In re Air Conditioning Inc. of Stuart,* 845 F.2d 293 (11th Cir.1988); *Matter of Van Huffel Tube Corp.,* 74 B.R. 579 (Bankr.N.D.Ohio 1987); *In re White River Corp.,* 50 B.R. 403 (Bankr.D.Colo.1985). Based upon the affidavit of the Trustee, the relationship of the parties, and the definition of "voluntary" found in the case law, it does not appear that the Debtors could meet their burden of proving that the transfer was involuntary. Accordingly, there being no genuine issue of material fact on this point, the Court must conclude that even on the limited facts properly considered on Summary Judgment, the transfer was voluntary.

The Debtors' Memorandum focuses on a different issue. The Debtors assert that avoidance must be done by an act of the Court, it is not accomplished by the Trustee simply filing a Complaint. They contend that the second mortgage was released and cancelled by Paul and Geraldine Snyder. Therefore, it was not recovered by the Trustee under any of the sections listed in § 522(g). Further, the transfer was never avoided under any of the Bankruptcy Code sections enumerated in § 551. Accordingly, the second mortgage interest is not preserved for the benefit of the estate, and is subject to exemption. The Trustee's Memorandum does not speak to this issue. While other courts have published decisions which are somewhat analogous, no cases have directly addressed the application of § 551 and § 522(g) to the reconveyance of a lien interest after the Trustee has filed a Complaint to avoid the original transfer as a preference.

A review of the relevant case law does not support the Debtors' position. Under § 522(g), courts have determined debtors' rights to exempt property prior to any determination of the underlying avoidance issue. *See, In re Trevino,* at 612; *Matter of Weis,* at 820; *In re McQueen,* 24 B.R. at 111. Other courts have applied § 522(g) when the Trustee's Complaint for avoidance of a transfer has been settled, rather than adjudicated. *See, In re Rollins,* at 782; *In re Nolen,* at 7. It follows from these cases that a judicial determination is not required to trigger § 522(g)'s prohibition against the exemption of voluntarily transferred property. In *Matter of Ziegler,* the court went even further, stating: "If there is a voluntary transfer, as herein, the exemption is deemed waived, and it is not a condition that the transfer be fraudulent or avoidable by a Trustee in Bankruptcy." *Ziegler,* at 455. The *Ziegler* holding appears to have been based on the legislative history of § 522(g).

An analogous argument was also advanced in *In re Carpenter,* 56 B.R. 704 (Bankr.D.R.I.1986), where the debtor claimed that § 522(g) was inapplicable to property recovered by a creditor in state court under the Rhode Island fraudulent conveyance statute prior to the filing of the debtor's bankruptcy petition. The debtor argued that because it was not the Trustee who actually recovered the property, § 551 and § 522(g) did not defeat his power to exempt the property. Judge Votolato was extremely critical of this technical reading of the statutes, stating that it gave new meaning to the overused term "form over substance". *In re Carpenter,* at 707. Instead, the Court looked to intent behind the preservation provisions and denied the exemption.

Based on the above cases, the Debtors' position must be rejected. When property is reconveyed after the Trustee has filed a Complaint to avoid the transfer, the property has been effectively recovered by the Trustee under the listed avoiding powers. A close reading of *Trevino, Weis,* and *McQueen,* does not leave the reader with the impression that the debtors in those cases could assert their exemption rights if

the property were suddenly reconveyed. One cannot attempt to place property beyond the reach of creditors in an attempt to prevent an equitable distribution of assets under the Bankruptcy Code, reconvey the property in the face of a trustee's Complaint, and then exempt the equity in the property when it is recovered. Such an interpretation is not required, or warranted.

■ This does not mean that equitable considerations can never be a factor in allowing a debtor to exercise an exemption in property which has been previously voluntarily conveyed. This Court does not subscribe to the *Ziegler* position that all that is required to prevent exemption is the initial voluntary conveyance of the property. The language of § 522(g) requires that the trustee, or a creditor acting in a similar capacity, have taken some action which has resulted in the recovery of the property.

There appears to be some room for equity allowing an exemption if the property is reconveyed earlier in the process, before the Trustee has been forced to expend a significant amount of effort in recovering the property. It appears that equitable considerations were a factor in a decision dealing with the "concealment" portion of § 522(g). The Court in *In re Riggsby*, 34 B.R. 440 (Bankr.E.D.Tenn.1983) allowed the debtors to exempt property which had been involuntarily transferred, but not listed on the debtors' schedules. Because the debtors revealed the existence of the account at the first meeting of creditors, the exemption was allowed. *Riggsby*, at 441. Similarly, reconveyance of voluntarily transferred property early in the case may, in some instances, lead to a finding that allowing the exemption would be proper. However, those circumstances are not present in this case, where a Complaint has been filed by the Trustee prior to the reconveyance.

Accordingly, it is

ORDERED that Debtors' Motion for Summary Judgment be, and is hereby, Denied.

It is FURTHER ORDERED that the Trustee's Motion for Summary Judgment be, and is hereby, Granted.

It is FURTHER ORDERED that the Debtors have no have no exemption in the property recovered pursuant to the Trustee's Complaint.