**In re John L. GLASS, Debtor.**

**John L. GLASS, Appellant,**

v.

**Michael HITT, Chapter 7 Trustee, Appellee.**

**No. 94–35336.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 1995.

Decided July 13, 1995.

---

Suzanne M. Barnett, Seattle, WA, for appellant.

Sam J. Alberts, Ober, Kaler, Grimes & Shriver, P.C., Washington, DC, and Michael D. Hitt, Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, Tacoma, WA, for appellee.

Before: BROWNING, BOOCHEVER, and NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

## I.

### OVERVIEW

Chapter 7 debtor John L. Glass appeals a decision of the Bankruptcy Appellate Panel (BAP) which reversed the bankruptcy court's decision overruling the trustee's objection pursuant to 11 U.S.C. § 522(g) to Glass's claim of a homestead exemption in property Glass had transferred to his son prior to filing for bankruptcy. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm the BAP.

## II.

### FACTS AND PRIOR PROCEEDINGS

The material facts are undisputed. Thirty-seven days prior to filing for bankruptcy, Glass transferred his interest in real property to his son for stated consideration of "love and affection." Glass then filed a chapter 11 proceeding on July 7, 1992, and did not schedule or disclose any interest in the real property, nor did he claim a homestead exemption.[1] He filed a subsequent chapter 7 petition and again did not list any interest in the real estate and did not claim an exemption.[2]

At the first meeting of creditors, on September 24, 1992, the trustee was informed by a creditor about the transfer of real estate from Glass to his son. The trustee instructed Glass to amend his bankruptcy schedules to reflect any interest he might have or later assert in such property.

On November 6, 1992, the trustee filed a formal objection to Glass's claim to a homestead exemption stating that he intended "to seek an avoidance of this transfer as a fraudulent transfer pursuant to 11 U.S.C. § 548." The trustee's objection also stated that:

[a]lternatively, in the event that the debtor has since reconveyed this property, the trustee asserts that such reconveyance is an attempt to recapture the debtor's homestead exemption, which has been forfeited pursuant to 11 U.S.C. § 522(g) by the debtor's voluntary transfer of this property and his prior concealment of the property at the time he filed his petition, both under chapter 11 and chapter 7.

Three days later, Glass's son reconveyed the property to Glass. On November 23, 1992, Glass amended his converted case schedules, listing the property (valued at $64,000), a homestead exemption of $30,000, and secured claims on the property of $37,000.

The bankruptcy court overruled the trustee's objection, holding that Glass was entitled to claim the homestead exemption under section 522(b) because the trustee did not direct any action against the transferee son to achieve reconveyance of the residence to the estate, and thus, the trustee did not "recover" the property.

The BAP reversed and remanded the case, holding that:

where a debtor voluntarily transfers property in a manner that triggers the trustee's avoidance powers or the debtor knowingly conceals a prepetition transfer or an interest in property, and such property is returned to the estate as a result of the trustee's actions directed toward either the debtor or the transferee, the debtor is not entitled to claim an exemption under § 522(g)(1). It is not necessary for the trustee to commence a formal adversary proceeding or obtain a final judgment to prevail on an objection to a debtor's claim of exemption pursuant to § 522(g)(1).

A trustee, however, must present sufficient facts upon which a bankruptcy court could reasonably conclude that a debtor transferred property in such a manner as to invoke the trustee's avoidance powers under §§ 510(c)(2), 542, 543, 550, 551 or 553, the transfer was voluntary or the debtor knowingly concealed the transfer or an interest in the property, and the property was returned to the estate as a result of the trustee's efforts, not limited to actions directed toward the transferee.

*Hitt v. Glass (In re Glass),* 164 B.R. 759, 764–65 (9th Cir. BAP 1994). The BAP further concluded that "the Trustee's actions toward the Debtor directly, and the Debtor's son indirectly, were instrumental in the return of the property to the estate," and that "the only reasonable inference to be drawn is that the Trustee's promise of legal action had a coercive effect on father and son, directly resulting in the return of the property to the estate." *Id.* at 765. Glass timely appeals.

---

**1.** Except for a four-month period from September 1992 to January 1993, Glass has represented himself. This court entered an order appointing counsel for Glass on appeal.

**2.** The chapter 7 petition was later dismissed and the chapter 11 case was converted to a chapter 7 proceeding.

## III.

## STANDARD OF REVIEW

Decisions of the BAP are reviewed *de novo. In re Johnston,* 21 F.3d 323, 326 (9th Cir.1994). This court and the BAP review the bankruptcy court's conclusions of law *de novo* and its findings of fact under the clearly erroneous standard. *Id.*

## IV.

## DISCUSSION

A. The Meaning of "Recovers" in 11 U.S.C. § 522(g)

■ Section 522(g) provides that:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee *recovers* under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

(Emphasis added.) The term "recovers" is not defined in the Bankruptcy Code.

Glass argues that because the trustee took no formal action under any of the statutory provisions listed in § 522(g) and Glass voluntarily amended his schedules, the trustee did not "recover" the residence and he should not lose his exemption. The trustee responds that he did recover the property pursuant to § 522(g) via § 548 and § 550,[3] and

---

3. Under § 522(g), the trustee may recover property under § 550, which the bankruptcy court acknowledged incorporates § 548 (governing fraudulent transfers). *See In re Gingery,* 48 B.R. 1000, 1003 (Bankr.D.Colo.1985) (holding that § 548 is covered by § 522(g)).

that a trustee is not required to initiate or complete a formal avoidance action.

The bankruptcy court stated it "must apply the statute as written," and observed that section 522(g) "does not say that debtors may not exempt property voluntarily transferred and not concealed which trustee *could recover,*" but refers to property the trustee *recovers.* The court found that the trustee's suggestion and the filing of the objection, "which the chronology suggests may have prompted the reconveyance to Debtor," did not constitute a recovery. Relying on *In re Snyder,* 108 B.R. 150, 154 (Bankr.N.D.Ohio 1989), the court concluded that "the initial voluntary conveyance of the property, without more, is insufficient to preclude exemption, and that '... reconveyance of voluntarily transferred property early in the case may, in some instances, lead to a finding that allowing the exemption would be proper.'"

In considering the plain meaning of § 522(g), the BAP stated "it is not apparent from the word 'recovers' that a formal adversary proceeding against the transferee is needed for a court to deny a debtor's claim of exemption." *In re Glass,* 164 B.R. at 763. The BAP also reviewed the ordinary meaning of "recovers" and observed that in the bankruptcy context a trustee may "recover" fraudulently transferred property in a number of ways, including by merely using the threat of avoidance powers to induce a debtor or transferee to return the property to the estate. *Id.*

The BAP acknowledged that a literal interpretation of § 522(g) "seems to indicate that 'recovery' of the property must be accomplished pursuant to an action commenced under one of the enumerated code sections." *Id.* The BAP refused, however, to frustrate the purposes of § 522(g), as well as the foundation upon which the Code is based, by a technical reading of the word "recover."[4] *Id.* at 764. "The purpose of § 522(g) is to

---

4. The bankruptcy court concluded that the words in § 522(g) "are sufficiently plain to obviate reviewing legislative history," but went on to note that "what little [legislative history] there is does not suggest Congress intended to comprehend property which the trustee might, but does not, recover."

prevent a debtor from claiming an exemption in recovered property which was transferred in a manner giving rise to the trustee's avoiding powers, where the transfer was voluntary or where the transfer or property interest was concealed." *Id.* The BAP accurately observed that "[p]roviding an exemption for this Debtor, who fraudulently transferred property and then was not honest in reporting his assets or prepetition transfers, would not promote either the specific policy of § 522(g) or the general policies of the Code." *Id.* at 765.

The BAP's analysis of the statutory language is more compelling than that of the bankruptcy court. *See United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) ("The plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." (internal quotation and brackets omitted)). The bankruptcy court did not reach the question of the purpose behind § 522(g), which other courts have observed was to allow an exemption "where a property interest has been *involuntarily* taken from a debtor by means such as execution, repossession or certification of a judgment, [because] it would be inequitable not to permit a debtor to assert an otherwise allowable exemption...." *In re Savage,* 92 B.R. 259, 261 (Bankr.S.D. Ohio 1988) (emphasis added); *see also Snyder,* 108 B.R. at 152; *In re Trevino,* 96 B.R. 608, 613 (Bankr. E.D.N.C.1989); *In re Nolen,* 40 B.R. 6, 8–9 (Bankr.M.D.Ala.1984); *In re Ziegler,* 20 B.R. 449, 452 (Bankr.S.D. Ohio 1982).

In this case, following the debtor's failure to properly disclose the property transfer there was not only a "suggestion" by the trustee, but also a filed objection that contained the threat of use of avoidance powers.[5] The trustee is correct that even under *Snyder,* relied upon by both the bankruptcy court and Glass, he should prevail. In *Snyder,* the trustee filed a preference action against the mortgagees (parents of the debtor), but no judgment had been reached prior

to cancellation of the mortgage. The court held that a judicial determination of avoidability was not necessary for the trustee to prevail on an objection to a debtor's claim of exemption under § 522(g). Although *Snyder* contained dicta concerning "equity allowing an exemption if the property is reconveyed earlier in the process," 108 B.R. at 154, other language supports the trustee's position here.

First, the court observed outright that "the Code does not contemplate exemptions on behalf of debtors who have voluntarily transferred their property rights so as to give rise to the trustee's avoidance powers." *Id.* at 152. Also, the court rejected the argument that the avoidance must be done by an act of the court, not by the trustee simply filing a complaint. Here, the trustee stated his intention in his filed objection to seek avoidance of the transfer as a fraudulent conveyance under 11 U.S.C. § 548. Although the *Snyder* court indicated it would evaluate whether or not a trustee expended "a significant amount of effort" in a case such as this, *id.* at 154, there is arguably not a lot of difference between filing a complaint and filing an objection threatening to file a complaint. *Snyder* also states that "[t]he language of § 522(g) requires that the trustee, or a creditor acting in a similar capacity, *have taken some action* which has resulted in the recovery of the property." *Id.* (emphasis added). The filing of the objection containing the threat to use avoidance powers which resulted in the reconveyance of the property to the estate was "some action."

**B. Bankruptcy Policy and Public Policy**

▮ Glass contends that because property exemptions are to be liberally construed in favor of the debtor, the trustee's ability to inhibit exemptions under § 522(g) should be strictly construed. Glass points out that because the trustee did not bring an avoidance action, there is nothing in the record to establish that he acted with dishonest intent and given his immediate compliance with the trustee's suggestion, it is unreasonable to ascribe this intent to him. He also contends that because he was *pro se* for the bulk of the

---

5. We do not reach the question whether the exemption would survive if the bankruptcy forms

filed by the debtors disclosed the transfer of the property.

proceedings, he should be granted additional consideration because the record demonstrates that he did not fully understand his duties as a debtor.

The BAP recognized that the availability of exemptions is to be liberally construed in favor of the debtor. The BAP also observed that "[n]otwithstanding a liberal interpretation of debtor exemptions, a bankruptcy court, standing as a court of equity, must not tolerate actions by a debtor which cause inequitable distributions of estate property." 164 B.R. at 764.

We reject Glass's attempt to use the "liberal construction rule" regarding exemptions to sustain his homestead exemption. The bankruptcy court is a court of equity, and "the debtor is under a duty to do equity before he can claim his right to exemptions." *In re Dorricott,* 5 B.R. 192, 196 (Bankr.N.D. Ohio 1980). As in *Dorricott,* the debtor's actions here "undermine the fundamental purposes of bankruptcy law which seek to treat all creditors fairly." *Id.* The bankruptcy court "should no more sustain a positive fraud than would a court of equity." *Id.* (quotation omitted).

■ Glass also may not be allowed to shield his conduct by appealing to the court for leniency as a *pro se* debtor. As the trustee points out, Glass did not need counsel to help him respond to the questions set forth in the form bankruptcy documents.

### C. Due Process Argument

■ Glass argues that the BAP decision, which concluded that it is acceptable for a trustee to "present sufficient facts" to enable the bankruptcy court to decide the fraudulent transfer issue, denies him due process because nothing in the record indicates the trustee proved the elements necessary to establish that a fraudulent transfer occurred. We reject Glass's due process claim. None of the facts regarding the transaction are disputed. They do provide strong circumstantial evidence of fraudulent intent. *See In re Woodfield,* 978 F.2d 516, 518 (9th Cir. 1992). It was not necessary for the BAP to overlook these facts simply because the trustee was not required to carry his burden of proving a fraudulent transfer in an avoidance action. Rather, because a formal action or final judgment was not obtained here, it was necessary for the trustee to present sufficient facts to permit a conclusion that an exemption was foreclosed by § 522(g). *See In re Glass,* 164 B.R. at 765.

### CONCLUSION

We lift the stay of the BAP's order previously granted by this court and affirm the opinion of the BAP.

AFFIRMED.