

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: JERRY GREENWOOD and EUGENIA GREENWOOD, <br><br> Debtors, <br> _____ <br><br> JERRY GREENWOOD and EUGENIA GREENWOOD, <br><br> Appellants, <br><br> v. <br><br> ANGELIQUE L.M CLARK, Trustee and ONEWEST BANK, <br><br> Appellees. | No. 12-60063 <br><br> BAP No. 12-1204 <br><br><br> MEMORANDUM[*] |
| In re: JERRY GREENWOOD and EUGENIA GREENWOOD, <br><br> Debtors, <br> _____ <br><br> JERRY GREENWOOD and EUGENIA GREENWOOD, <br><br> Appellants, | No. 12-60064 <br><br> BAP No. 12-1244 |

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

ANGELIQUE L.M CLARK, Trustee and
ONEWEST BANK,

Appellees.

Appeals from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Hollowell, and Dunn, Bankruptcy Judges, Presiding

Submitted February 10, 2015[**]
San Francisco California

Before: THOMAS, Chief Judge, and TASHIMA and McKEOWN, Circuit Judges.

Jerry and Eugenia Greenwood appeal from the Bankruptcy Appellate

Panel's order dismissing their appeal from the United States Bankruptcy Court for

the District of Nevada for lack of standing. We affirm. Because the parties are

familiar with the history of the case, we need not recount it here. We review the

issue of whether appellants have standing de novo. *Natural Res. Def. Council v.*

*EPA*, 542 F.3d 1235, 1244 (9th Cir. 2008); *see also Wiersma v. Bank of the West*

*(In re Wiersma)*, 483 F.3d 933, 938 (9th Cir. 2007). "Only persons who are

---

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

directly and adversely affected pecuniarily by an order have standing to appeal the order." *Paine v. Dickey (In re Paine)*, 250 B.R. 99, 104 (B.A.P. 9th Cir. 2000).

The Greenwoods, Chapter 7 debtors, failed to establish an interest from which they could benefit in pursuing their appeal. Their claimed homestead exemption falls under 11 U.S.C. § 522(g)(1)'s prohibition on exemption of voluntarily transferred property. *See Glass v. Hitt (In re Glass)*, 60 F.3d 565, 569 (9th Cir. 1995) (trustee's mere threat of seeking avoidance sufficed to meet the threshold level of action necessary to trigger § 522(g)); *Hunter v. Snyder (In re Snyder)*, 108 B.R. 150, 153 (Bankr. N.D. Ohio 1989) (settlement of an adversary proceeding suffices to invoke § 522(g)).

In order to show that their homestead exemption might be preserved under § 522(g)(1) as against the lienholder, the Greenwoods were required to demonstrate that their grant of a security interest in excess of the property's value was not voluntary. 11 U.S.C. § 522(g)(1); *see also Rodriguez v. Dorine's Bail Bonds, Inc. (In re Rodriguez)*, 361 B.R. 887, 892 (Bankr. D. Ariz. 2007). There is no evidence in the record indicating that the transfer of the deed of trust encumbering the home was involuntary, and the Greenwoods offer none. As a result, the transfer is ineligible for exemption under § 522(g)(1), and the Greenwoods lack a personal

3

stake in the challenged settlement order and related orders sufficient to establish standing.

The motion to dismiss is denied as moot.

**AFFIRMED.**