**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: YAN SUI,<br><br>               Debtor.<br><br>_____<br><br>YAN SUI,<br><br>               Appellant,<br><br>  v.<br><br>RICHARD A. MARSHACK, Chapter 7 Trustee,<br><br>               Appellee. | No. 16-60049<br><br>BAP No. 15-1336<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Landis, and Kirscher, Bankruptcy Judges, Presiding

Submitted May 8, 2017[**]

Before:    REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Chapter 7 debtor Yan Sui appeals pro se from a judgment of the Bankruptcy

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellate Panel ("BAP") affirming the bankruptcy court's order denying Sui's claimed homestead exemption. We have jurisdiction under 28 U.S.C. § 158(d). We review decisions of the BAP de novo and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Americredit Fin. Servs., Inc. v. Penrod (In re Penrod)*, 611 F.3d 1158, 1160 (9th Cir. 2010). We affirm.

The bankruptcy court properly denied Sui's claimed homestead exemption because the record shows that Sui voluntarily transferred the property prior to filing his bankruptcy petition and failed to disclose any interest in the property or schedule secured claims that might have alerted the chapter 7 trustee to the transfer. *See* 11 U.S.C. § 522(g)(1) (allowing a debtor to exempt property recovered by a trustee if the debtor did not voluntarily transfer or conceal the property); *Glass v. Hitt (In re Glass)*, 60 F.3d 565, 568-69 (9th Cir. 1995) (explaining requirements for 11 U.S.C. § 522(g)(1) to apply).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Sui's motion for leave to file a late filed reply brief (Docket Entry No. 12) is granted. The Clerk shall file the reply brief submitted at Docket Entry No. 11.

16-60049

Sui's motion to consolidate this case with Appeal Nos. 16-60065 and 15-60066 (Docket Entry No. 12) is denied.

**AFFIRMED.**