**In re Todd ULRICH, Debtor.**

**Bankruptcy No. 96–71697.**

United States Bankruptcy Court, C.D. Illinois.

Jan. 10, 1997.

James D. Jones, Springfield, IL, for Debtor.

Mariann Pogge, Trustee, Springfield, IL.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

The issue before the Court is whether the Debtor may claim an exemption in a vehicle upon which the Trustee has avoided a lien.

The material facts are not in dispute. The Debtor, Todd Ulrich, filed a petition pursuant to Chapter 7 of the Bankruptcy Code on July 1, 1996. The Debtor scheduled in his personal property a 1989 Ford Thunderbird with a current market value of $5,300 and a lien to the Farmers State Bank of $14,000.00. The Debtor did not claim an exemption in the vehicle. The Debtor's schedule of secured claims indicates that the Thunderbird was the collateral for a construction loan incurred on July 24, 1993.

On July 17, 1996, the Farmers State Bank filed a Motion for Relief from Automatic Stay. The Bank claimed a perfected lien on the title pursuant to a security agreement and the notation of its lien on the title to the vehicle. The security agreement, however, only mentioned a Ford Bronco and a Ford Pickup; the Thunderbird is not included in the security agreement. Accordingly, the Court found that the Bank did not have a security interest in the Thunderbird, and the motion of the Bank to lift the automatic stay was denied on September 4, 1996.

On September, 16, 1996, the Debtor filed an amended schedule of exempt property. The Debtor now claims a $1,200 exemption in the Thunderbird pursuant to 735 ILCS 5/12–1001(c). The Debtor now values the car at $6,000.00.

The Trustee filed an Objection to Exemption on September 25, 1996. Noting that she was attempting to set aside a lien on the Thunderbird, the Trustee stated that the "Debtor cannot claim the exemption to the extent of the lien".

The Debtor argues that the Trustee's objection was not timely filed pursuant to Bankruptcy Rule 4003(b) because it was not

filed within 30 days of the conclusion of the § 341 meeting. The Debtor, however, did not amend his exemption schedule to add the Thunderbird until more than 30 days after the meeting of creditors. Rule 4003(b) specifically provides that a trustee has 30 days after "the filing of any amendment to the list or supplemental schedules" to file an objection. Accordingly, the Trustee's objection was timely filed.

The Trustee's objection to the Debtor's claim of exemption is based on 11 U.S.C. § 522(g), which provides as follows:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

The Debtor may not use §.522(g)(1) to claim an exemption in the Ford Thunderbird because the Debtor's grant of a security interest in his vehicle to the Bank was a transfer of property as defined by 11 U.S.C. § 101(54). There was no evidence to suggest that the notation of the Bank's lien on the title to the vehicle was not a voluntary act by the Debtor. Moreover, the Debtor may not claim an exemption in the Thunderbird under § 522(g)(2) because he could not have avoided the transfer under § 522(f)(2). Automobiles are not included in the list of exempt property upon which a debtor may avoid a nonpossessory, non-purchase-money security interest. *In re Smith,* 105 B.R. 217, 219 (Bankr.W.D.N.Y.1989).

The Debtor argues that because the Debtor never executed a security agreement granting the Bank a security interest in the Thunderbird, there was no lien for the Trustee to avoid. Therefore, the Debtor argues that § 522(g) is inapplicable to these facts. The important point, however, is that the Bank asserted a lien on the vehicle, and the certificate of title indicated that the Bank had a lien. In addition, the Debtor's schedules indicated that the Bank had a lien on the car, and that the Thunderbird was given as collateral for a construction loan. Further, there is authority in the State of Illinois which holds that the placing of a lien on a certificate of title constitutes a valid security interest even in the absence of a written security agreement. *Peterson v. Ziegler,* 39 Ill.App.3d 379, 350 N.E.2d 356 (5th Dist. 1976). While this Court disagrees with *Peterson, See, In re Rodden,* No. 86–71782, Adv. No. 86–7412 (Bankr.C.D.Ill. September 15, 1987), action was still necessary by the Trustee to nullify the Bank's claimed lien on the vehicle.

It is true, as the Debtor points out, that the Trustee has not filed a motion to set aside the Bank's lien. However, it is not necessary for a Chapter 7 trustee to commence a formal adversary proceeding or obtain a final judgment in order to prevail on an objection to a debtor's claim of exemption pursuant to § 522(g). *In re Glass,* 164 B.R. 759, 765 (9th Cir. BAP 1994), aff'd 60 F.3d 565 (9th Cir.1995). The important point is that the Trustee must be instrumental in the recovery of the property. In this case, the Debtor raised the issue of the lack of a security agreement in response to the Bank's motion to lift the automatic stay, but it was the Trustee who followed up on this issue and obtained the vehicle. The Trustee is presently attempting to sell the vehicle.

The Debtor emphasizes the fact that it was he, not the Trustee, who raised the issue regarding the validity of the Bank's security interest. The Debtor raised this issue in the context of an objection to a motion to lift the automatic stay, not in the context of the avoidance of a transfer or the recovery of property. While § 522(i)(2) allows a debtor to exempt property which he himself has recovered, this provision is limited to cases where the trustee chooses not to exercise his avoiding power. 11 U.S.C. § 522(h). Where the trustee does avoid a transfer, § 522(g) is

activated. Since the Trustee in this proceeding has chosen to act, § 522(g) rather than § 522(i) is applicable.

For the foregoing reasons, the Trustee's objection to the Debtor's claim of exemption in the 1989 Ford Thunderbird is allowed.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

## ORDER

For the reasons set forth in an Opinion entered this day,

IT IS THEREFORE ORDERED that the Trustee's objection to the Debtor's claim of exemption in the 1989 Ford Thunderbird be and is hereby allowed.