Mary Lynn **BUELOW**, Debtor.

No. 02–01388.

United States Bankruptcy Court, N.D. Iowa.

Dec. 19, 2002.

Michael L. Mollman, Cedar Rapids, IA, for Debtor.

Wesley B. Huisinga, Cedar Rapids, IA, for Trustee.

## ORDER RE: OBJECTION TO CLAIM OF EXEMPTION

PAUL J. KILBURG, Chief Judge.

On November 21, 2002, the above-captioned matter came on for hearing on Trustee's Objection to Exemption and Motion for Turnover. Debtor Mary Lynne Buelow appeared with Attorney Michael Mollman. Wesley Huisinga appeared as the Chapter 7 Trustee. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (K).

## FINDINGS OF FACT

On April 29, 2002, Debtor filed a Chapter 7 Bankruptcy Petition in this Court. Debtor claimed the full value of a 1996 Pontiac Grand Am exempt on Schedule C. She did not schedule Wells Fargo Bank Iowa, N.A. ("the Bank") as a secured creditor. No objections to the exemption were filed and the case was closed on August 2, 2002.

Subsequently, Trustee was contacted by the Bank in regard to its security interest in the Grand Am. Trustee conducted an investigation which revealed the Bank had a security interest in the 1996 Pontiac Grand Am that was unperfected at the time Debtor filed her Chapter 7 petition. On October 3, 2002, Trustee requested the bankruptcy case be reopened to determine the parties' respective interests in the vehicle.

On October 10, 2002, Trustee commenced an adversary proceeding, No. 02–9142C, seeking to avoid the Bank's unperfected lien on the Grand Am as an avoidable transfer pursuant to 11 U.S.C. § 544(a). Trustee and the Bank presented the Court with a Consent Decree and Judgment which was filed on November 8, 2002. This provides that the Bank's unperfected lien is avoided under § 544(a) and the Bank holds a general unsecured claim against funds of the estate. The consent decree further states that the value of the avoided lien in the sum of $10,000 "is preserved for the benefit of the bankruptcy estate, and is therefore superior and prior to any interest of the Debtor, pursuant to 11 U.S.C. § 551." Debtor was not a party to the adversary proceeding.

When Debtor filed her bankruptcy petition, she held the certificate of title to the Grand Am. A previous lien on the title had been released when Debtor refinanced the debt with the Bank to take advantage of a

lower interest rate. Debtor granted the Bank a security interest but the Bank failed to perfect the lien by notation on the title as required by Iowa law. The holder of the original lien and the Bank are unrelated entities although both have "Wells Fargo" in their names.

Debtor's failure to schedule the Bank as a secured creditor in her initial schedules appears to be a good faith mistake in light of the lien release by the previous lienholder which had a name similar to the current lienholder. This was Debtor's first auto purchase and she was not knowledgeable in the realm of financing and security interests. Debtor's attorney, seeing the release of the first lien on the certificate of title held by Debtor, would have had no cause to inquire further regarding security interests.

Debtor asserts that the 1996 Pontiac Grand Am is exempt since the bankruptcy was completed and no objections were filed as to this exemption. She argues that the Bank had no rights to the vehicle and Trustee should not have any greater rights than Bank had. To the contrary, the Court finds Debtor granted the Bank a security interest in the Grand Am through a note and security agreement dated June 28, 2001. This gave the Bank a security interest, although the Bank failed to perfect the interest by notation on the certificate of title.

Trustee objects to exemption of the vehicle. He asserts that Debtor's claim in the vehicle is void and of no effect pursuant to § 551. In the alternative, Trustee argues that Debtor's claim in the vehicle should be denied in its entirety for the following reasons:

1. Debtor has no equity in the vehicle to which her exemption claim could attach;

2. The estate's interest in the vehicle comes ahead of and is superior to any exemption claim Debtor may have;

3. Section 522(g) of the Bankruptcy Code precludes Debtor from the benefit of any exemption claim in said vehicle; and

4. Debtor should be precluded from the benefits of her exemption claim since she failed to properly disclose the existence of the Bank as a secured creditor.

Trustee requests that the Court enter an order denying Debtor's exemption claim, direct that Debtor turn over the Grand Am to Trustee immediately upon the entry of said order, and direct Debtor to compensate the bankruptcy estate for the use and/or depreciation of the vehicle.

## CONCLUSIONS OF LAW

A debtor may only exempt property recovered by the avoidance of a transfer if the transfer was involuntary and the trustee has not acted to recover the property. 11 U.S.C. § 522(h) (2002). If a debtor voluntarily grants the security interest avoided, the debtor is not entitled to exempt the interest recovered. *In re Howard*, No. 96–22392, slip op. at 4 (Bankr.N.D.Iowa March 7, 1997); *In re Beshears*, 182 B.R. 235, 241 (Bankr. E.D.Ark.1995); *In re Flitter*, 181 B.R. 938, 941 (Bankr.D.Minn.1995). A debtor is not entitled to claim a vehicle exempt to the extent a voluntary security interest in the vehicle is avoided by the trustee under § 544. *Howard*, slip op. at 5.

The record indicates that Debtor voluntarily granted the Bank a lien. The Bank failed to perfect its lien. Trustee properly avoided the Bank's unperfected lien under § 544. Pursuant to the foregoing, Debtor may not exempt the vehicle to the extent of the avoided lien. The lien is preserved for the benefit of the estate pursuant to § 551. Debtor is entitled to

exempt up to $5,000 of the remaining value of the vehicle, if any, not subject to the lien. Iowa Code § 627.6(9)(a).

In effect, the Bankruptcy Code grants Trustee greater rights than the Bank had against Debtor's vehicle outside bankruptcy. Trustee's strong-arm powers under § 544 allow him to preserve the value of an unperfected lien for the benefit of the bankruptcy estate. Debtor's pre-petition rights remain the same post-petition as she had voluntarily granted the lien, even though the Bank had failed to perfect it. The Bank's rights are also preserved as its lien was not perfected and therefore not effective against subsequently perfected liens. Trustee has the rights of a creditor with a later-perfected lien. The Code allows the Trustee to avoid the unperfected lien and distribute the proceeds equally to all unsecured creditors of the bankruptcy estate.

**WHEREFORE,** Trustee's Objection to Exemption and Motion for Turnover are GRANTED.

**FURTHER,** Debtor may not claim the 1996 Pontiac Grand Am exempt to the extent of the avoided lien of Wells Fargo Bank Iowa, N.A.

**FURTHER,** Debtor shall turn over the 1996 Pontiac Grand Am to Trustee immediately upon the entry of this order.

**FURTHER,** under these circumstances, Trustee's request that Debtor compensate the estate for the use and/or depreciation of the vehicle is denied.