**In re Jack Troy CARTER Jr. and Elizabeth Jane Carter, Debtors.**

**No. 05–25706–NLJ.**

United States Bankruptcy Court, W.D. Oklahoma.

June 9, 2006.

Chuck Moss, Oklahoma City, OK, for Debtors.

Janice D. Loyd, Oklahoma City, OK, for Trustee.

## ORDER REGARDING TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION AND REQUEST FOR TURNOVER and DEBTORS' MOTION TO CERTIFY QUESTION TO OKLAHOMA SUPREME COURT

NILES JACKSON, Bankruptcy Judge.

### Issue Presented

The issue before the court is whether Debtors may claim their vehicle as exempt subsequent to Trustee's successful action to avoid the secured creditor's lien upon that vehicle.

### Background

Debtors filed their Chapter 7 bankruptcy petition on October 12, 2005. On Schedule B they listed among their personal property a 2005 Hyundai Elantra (hereinafter the "Hyundai"). Schedule C, which reflects property Debtors claim as exempt, lists the Hyundai with a "current value" of $10,650 and a "value of exemption" of $10,650. Then on Schedule D, which reflects creditors holding secured claims, Debtors disclose that First United Bank has a lien in the amount of $14,000 against the Hyundai. Thus, based upon their schedules, Debtors had no equity interest in the Hyundai at the time they filed their bankruptcy petition.[1]

On December 16, 2005, Trustee filed an adversary proceeding against First United Bank (hereinafter "Bank"), alleging its lien was an avoidable preferential transfer because it failed to properly perfect such lien within the statutory twenty-day period (Debtors purchased the vehicle on July 29, 2005, but Bank did not file the lien entry form until September 6, 2005). Because Bank failed to answer the complaint, Trustee obtained a default judgment on April 6, 2006, thus avoiding Bank's lien and relegating it to the status of an unsecured creditor.

Also on December 16, 2005, Trustee filed her Objection to Claim of Exemption and Request for Turnover (hereinafter "Objection to Exemption" and "Request for Turnover"). Debtors responded to the Objection to Exemption and Request for Turnover, Trustee filed a Supplemental Brief, then Debtors filed an additional response combined with a Motion to Certify Question to Oklahoma Supreme Court (hereinafter "Motion to Certify"), to which motion Trustee responded. Thus, the issue is fully briefed and ready for decision by the court.

## TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION AND REQUEST FOR TURNOVER

█ Trustee's Objection to Exemption/Request for Turnover asserts that

---

1. In their Response to Objection to Claim of Exemption [ ] Response to Request for Turnover, Debtors represent that they are amending their claimed exemption to $7,500.00 because the vehicle is titled only in the name of Jane Carter. *See* OKLA. STAT. tit. 31 § 1(A)(13). However, the docket does not reflect the filing of an amended Schedule C to support that representation. In any event, failure to so amend does not impact the outcome of this dispute.

Debtors' claim of exemption should be denied for the reason that they are not entitled to claim an exemption in equity derived through Trustee's avoidance action. In support of her argument, Trustee contends that 11 U.S.C. § 522(g)(1) clearly addresses this issue.[2] That subsection provides:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section *if such property had not been transferred, if—*
>
> *(1)(A) such transfer was not a voluntary transfer of such property by the debtor;* and
>
> (B) the debtor did not conceal such property . . . .

§ 522(g)(1)(A) & (B) (emphasis added by the court). Courts have held that when a debtor grants a security interest in a vehicle to a bank, with the ensuing notation of the bank's lien on the title to the vehicle, that constitutes a voluntary transfer. *In re Witt*, 273 B.R. 573, 574 (Bankr.W.D.Wis. 2000); *In re Ulrich*, 203 B.R. 691, 693 (Bankr.C.D.Ill.1997). According to the facts, that is exactly the situation in this case.

Where, as here, there is a voluntary transfer of property, "the plain language of section 522(g)(1) provides that a debtor cannot assert any exemption in property a trustee recovers after the debtor's voluntary transfer of the property." *Zubrod v. Duncan (In re Duncan)*, 329 F.3d 1195, 1199 (10th Cir.2003) (citing *Redmond v. Tuttle*, 698 F.2d 414, 417–18 (10th Cir. 1983)). In its discussion, the *Duncan* court pointed out that " '[t]he purpose of

section 522(g) is to prevent a debtor from claiming an exemption in recovered property which was transferred in a manner giving rise to the trustee's avoiding powers, where the transfer was voluntary . . . .' " *Id.* at 1201 (citing *Hitt v. Glass (In re Glass)*, 164 B.R. 759 (9th Cir. BAP 1994), *aff'd*, 60 F.3d 565 (9th Cir.1995)).

In *Duncan*, prior to bankruptcy the debtor originally owned property used for a home and office solely in his name, then transferred it to himself and his wife as tenants by the entirety. 329 F.3d at 1196–97. When the debtor subsequently filed his Chapter 7 bankruptcy petition, he claimed this property as exempt and also claimed a $10,000 homestead exemption under Wyoming law. *Id.* at 1197. The trustee recovered the property for the estate by avoiding the transfer as fraudulent, then sought court approval to sell the property. *Id.* The debtor objected and moved for turnover of his homestead exemption proceeds at the conclusion of the sale. *Id.* The bankruptcy court and the Bankruptcy Appellate Panel ruled in favor of the debtor. *Id.* at 1196. On appeal, the 10th Circuit Court of Appeals reversed. *Id.* at 1204.

Admittedly the rationale of the *Duncan* decision revolved around a *fraudulent* transfer, not a *mortgaged* transfer as we have here, but the underlying logic of the decision remains the same: where a debtor voluntarily transfers property pre-petition, the debtor cannot claim an exemption in property recovered by actions of the trustee. *Id.* at 1199 & 1204.

The trustee in the *Duncan* case argued that affirming the lower courts' decisions allowing the debtor's exemption claim "would encourage debtors to transfer to others the rights in their property that

---

**2.** Hereinafter references to the United States Bankruptcy Code found at 11 U.S.C. §§ 101– 1330 will be by section number only unless otherwise required by the context.

have economic value to their creditors, while retaining limited interests, and thus 'open the floodgates' to further litigation," "because § 522(g)(1) embraces all 'recoveries' under sections 510(c)(2), 542, 543, 550 [which incorporates sections 544, 547, 548, 559, 553(b) and 724(a)], 551, and 553 of the Bankruptcy Code." *Id.* at 1202. The court said "We find these policy arguments particularly strong," *id.*, and concluded that "Debtor is not entitled to claim a homestead exemption in property voluntarily transferred and recovered by the trustee in an adversary proceeding ...." *Id.* at 1204.

The cases cited by Debtors are not on point as they do not involve equity created by action of a trustee which the debtor subsequently sought to claim. Therefore, these cases are of no assistance to this court.

## (2) DEBTORS' MOTION TO CERTIFY QUESTION TO OKLAHOMA SUPREME COURT

 Along with their response to Trustee's Supplemental Brief, Debtors add a Motion to Certify Question to Oklahoma Supreme Court. In their Motion to Certify, Debtors ask this court to certify to the Oklahoma Supreme Court the question: "[S]hould the trustee's interest come ahead of the owner of the vehicle"?

Trustee responded, asserting that "the effect of the Trustee's exercise of her avoidance powers is determined solely by Bankruptcy Code § 522(g) and presents no question of applicable state law which the Bankruptcy Court should certify to the Oklahoma Supreme Court." Based upon the authorities cited by Trustee, this court agrees. *See e.g., In re Patterson,* 216 B.R. 413, 415–16 (Bankr.C.D.Ill.1998) (citation omitted); *In re Erwin,* 199 B.R. 628, 629 (Bankr.S.D.Tx.1996) (citations omitted);

*In re Alagna,* 107 B.R. 301, 314 (Bankr. D.Colo.1989).

## DECISION

Accordingly, Trustee's Objection to Exemption and Request for Turnover is sustained; Debtors' Motion to Certify is denied.