In re Nicholas Lee **KUHNEL**, also known as **Nick Kuhnel** and **Elizabeth Ann Kuhnel**, also known as **Lizz Kuhnel, Debtors.**

**Nicholas Lee Kuhnel and Elizabeth Ann Kuhnel, Appellants,**

v.

**R. Michele Russell, Trustee, Appellee.**

**BAP No. WY–06–022.**
**Bankruptcy No. 05–21304.**

United States Bankruptcy Appellate Panel for the Tenth Circuit.

Aug. 1, 2006.

Submitted on the briefs: * Stephen R. Winship of Winship & Winship, P.C., Casper, Wyoming, for Appellants.

Frank B. Watkins, Riverton, Wyoming, for Appellee.

Before BOHANON, MICHAEL, and NUGENT, Bankruptcy Judges.

## OPINION

NUGENT, Bankruptcy Judge.

Nicholas Lee Kuhnel and Elizabeth Ann Kuhnel ("Debtors") appeal an order of the

---

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

United States Bankruptcy Court for the District of Wyoming sustaining the trustee's objection to their claimed exemption of a 2002 Chevrolet Trailblazer. For the following reasons, we REVERSE the bankruptcy court's order and remand with instructions.

## I. *Appellate Jurisdiction*

■ This Court has jurisdiction over this appeal. The Appellants timely filed their notice of appeal from the bankruptcy court's final order.[1] The parties have consented to this Court's jurisdiction because they have not elected to have the appeal heard by the United States District Court for the District of Wyoming.[2]

## II. *Background*

On May 14, 2005, Debtors purchased a 2002 Chevrolet Trailblazer ("the vehicle") from Pedersen Toyota Scion Volvo. The purchase was financed by Toyota Motor Credit Corp. ("Toyota"). Debtors granted Toyota a purchase money security interest ("PMSI") on the vehicle. Debtors filed for protection under Chapter 7 of the Bankruptcy Code on June 23, 2005. On the same day, Toyota filed a lien against the vehicle.

■ On their Schedule C, Debtors claimed the vehicle exempt under Wyo. Stat. Ann. § 1–20–106(a)(iv) in the sum of $4,800.[3] The vehicle had a current market value of $19,500 and Toyota's claim was $21,480.

The first meeting of creditors was held on July 21, 2005. The deadline to object under Federal Rule of Bankruptcy Procedure ("Rule") 4003(b) was August 20, 2005. No timely objection to the vehicle exemption was claimed by the trustee or any other party in interest.

The trustee objected to Debtors' vehicle exemption on January 27, 2006, after retaining counsel who informally obtained a release by Toyota of its liens. Debtors responded to the trustee's objection, arguing that it was not timely filed according to Rule 4003(b). The bankruptcy court sustained the trustee's objection, finding (1) Debtors did not have any equity in the vehicle, (2) the granting of the lien by the Debtors was voluntary, and (3) a timely objection to the claimed exemption was not a prerequisite to the application of 11 U.S.C. § 522(g),[4] citing *In re Duncan.*[5] Debtors timely appeal from this order.

## III. *Discussion*

### A. Standard of Review

■ We review the bankruptcy court's order *de novo* because there are no factual disputes and the issues on appeal pertain to the proper application of bankruptcy statutes and interpretation of case law.[6]

1. 28 U.S.C. § 158(a)(1); Fed. R. Bankr.P. 8002(a). A bankruptcy court's grant or denial of a claimed exemption is a final appealable order from a bankruptcy proceeding. *In re Brayshaw*, 912 F.2d 1255, 1256 (10th Cir. 1990).

2. 28 U.S.C. § 158(b)-(c); Fed. R. Bankr.P. 8001(e).

3. Wyo. Stat. Ann. § 1–20–106(a)(iv) (2006) provides an exemption for "a motor vehicle [when owned by any person] not exceeding in value two thousand four hundred dollars ($2,400.00)." Husband and wife may each claim the statutory exemption. *See Coones v. Fed. Deposit Ins. Corp.*, 796 P.2d 803 (Wyo. 1990) (interpreting the phrase "any person" in Wyo. Stat. Ann. § 1–20–106(b) (2006)).

4. Unless otherwise noted, all statutory references are to Title 11 of the United States Code.

5. 329 F.3d 1195 (10th Cir.2003).

6. *See In re Albrecht*, 233 F.3d 1258, 1260 (10th Cir.2000); *Manchester v. Annis (In re Annis)*, 232 F.3d 749, 751 (10th Cir.2000).

## B. Analysis

The issue on appeal is whether § 522(g) operates in this case to "save" the trustee from failing to timely object to the Debtors' exemptions under Rule 4003(b). The bankruptcy court concluded that it did, citing *Duncan*. We disagree.

### 1. The Interplay of § 522(g) and Rule 4003(b).

In the very brief order rendering its decision, the bankruptcy court held that:

> The granting of the lien by the debtors was a voluntary transfer. Therefore, the debtors are not entitled to claim an exemption in the 2002 Chevrolet Trailblazer as there was not equity. Further, this court holds that a timely objection to the claimed exemption is not a prerequisite to the application of § 522(g). *In re Duncan*, 329 F.3d 1195 (10th Cir. 2003).[7]

Section 522(g)(1) provides, in pertinent part:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
>
> (1) (A) such transfer was not a voluntary transfer of such property by the debtor; and
>
> (B) the debtor did not conceal such property .... [8]

■ The plain language of § 522(g)(1) provides that a debtor cannot assert any exemption in property that a trustee recovers after the debtor's voluntary transfer of the property. Section 522(g)(1) deals with property that a trustee recovers in various ways, including pursuing the classes of avoidance actions enumerated in § 550(a). Among these is the avoidance of liens by assuming hypothetical or actual lien creditor status under § 544, and the preservation of those avoided transfers for the benefit of the estate under § 551.

■ Here, the trustee argues that she recovered the vehicle in which the Debtors voluntarily transferred a security interest, and that as a result, the Debtors are barred from exempting the vehicle by the operation of § 522(g). At first blush, it may have appeared to the bankruptcy court that the trustee used her hypothetical lien creditor powers in § 544(a) to avoid Toyota's unperfected lien. And if the trustee had successfully avoided the lien, she could have preserved it for the benefit of the creditors under § 551. On closer examination of the facts in this case, however, the trustee did not "avoid" the lien and, accordingly, cannot "preserve" it.

Instead, the trustee's counsel convinced Toyota to *release* the lien after making demand. No "action or proceeding" was commenced. By pursuing this course, the trustee failed to preserve the lien for the estate. Had the trustee filed an action or proceeding, she could have obtained a court order avoiding and preserving the lien for the benefit of the estate under §§ 544 and 551. Alternatively, she could have arranged for Toyota to assign the lien to the estate. But when Toyota released the lien, there was nothing left to "preserve." If the Debtors' exemption is valid, all the trustee has left in the estate with respect to the vehicle is that portion which

---

7. *Order Sustaining Trustee's Objection to Debtors' Claimed Exemption ("Order"), in* Appellants' Appendix at 020.

8. § 522(g)(1).

is nonexempt under Wyoming law, free and clear of Toyota's lien.

Whether the Debtors' claimed exemption is valid depends first on the effect of Rule 4003(b) which provides, in relevant part:

> A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules if filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

The Supreme Court held in *Taylor v. Freeland & Kronz* that a trustee who fails to make an objection to an exemption within this 30–day time limit cannot contest the validity of a claimed exemption, even where the debtor has no colorable basis for claiming it.[9] It has strictly interpreted this 30–day period in conjunction with § 522(*l*) to bar any objections not made within that period of time, stating "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." [10]

 Here, no timely request to extend the time for filing objections was made by the trustee or any party in interest. The trustee's objection, filed many months after the § 341 meeting, was untimely under Rule 4003(b). *Taylor* renders her late effort futile and renders discussion of the trustee's state law objection pointless.

In an effort to salvage her argument, the trustee relies on the Tenth Circuit's decision in *In re Duncan*.[11] But, as we discuss below, the injection of *Duncan* into

the analysis of this case is only a red herring.

### 2. *In re Duncan.*

*Duncan* can easily be distinguished from the case at bar. Duncan was a bankrupt lawyer who filed a case under Chapter 7 of the Bankruptcy Code after the entry of a malpractice judgment against him and after he transferred his fee interest in property he used for a home and office to himself and his nondebtor wife, creating a tenancy by the entirety under Wyoming law. The debtor then claimed a homestead exemption in the entireties' interest in the property under § 522(b)(2)(B) because he and his wife held title as tenants by the entirety; he also claimed a $10,000 homestead exemption under Wyoming law. No objection was filed within the Rule 4003(b) objection period and the debtor was discharged.

Thereafter, Duncan's trustee filed an adversary proceeding seeking to avoid the transfer as fraudulent and to recover the property for the benefit of the estate. The bankruptcy court granted summary judgment in favor of the trustee. The trustee then filed a notice of intent to sell the property and sought the court's approval of the sale. The debtor objected and moved for turnover of the exemption proceeds at the time of the sale. The debtor argued that the trustee's failure to object within the 30–day period entitled him to the exemption proceeds after the sale of the property. The bankruptcy court concluded that as a matter of Wyoming property law, when the debtor transferred his full fee title to himself and his wife as tenants by the entirety, he actually did not transfer his half portion of the entireties'

---

**9.** 503 U.S. 638, 643–44, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

**10.** *Id.* at 644, 112 S.Ct. 1644.

**11.** 329 F.3d 1195 (10th Cir.2003).

estate. Considering that the debtor had always retained at least half of the property interest, the bankruptcy court ruled that the debtor was not barred by § 522(g)(1) from claiming an exemption.[12] Following the same reasoning, this Court affirmed.[13] The Court of Appeals for the Tenth Circuit disagreed with the analysis of Wyoming entireties law below and reversed, concluding that under Wyoming law, while each tenant by the entirety may have separate rights in the property, each tenant does not have separate interests; rather, both parties have a unity of interest.[14]

The Court of Appeals then held that the trustee recovered not only Duncan's nondebtor spouse's interest in the home, but also Duncan's interest because those interests are unified. The Court concluded that "[Duncan] is not entitled to claim a homestead exemption in property voluntarily transferred and recovered by the Trustee in an adversary proceeding, notwithstanding the Trustee's failure to object within the 30–day period of [Rule] 4003(b)." [15] The Court laid particular emphasis on the fraudulent nature of Duncan's conduct in making a voluntary prepetition transfer of at least half his homestead to his wife.

In addressing the question of whether a Rule 4003(b) objection deadline trumps the § 522(g) prohibition, the *Duncan* court distinguished the Supreme Court's decision in *Taylor*, pointing out that *Taylor* did not involve an adversary proceeding to avoid a fraudulent transfer or any aspect of § 522(g).[16] The Court of Appeals concluded that allowing the debtor to slip the bonds of § 522(g) to exempt property that

he fraudulently conveyed and that the trustee recovered simply because the trustee did not timely object would render the § 546(a)(1)(A) statute of limitation for the exercise of a trustee's avoiding powers meaningless.[17]

We may distinguish *Duncan* in several critical ways. First, the Debtors here were in possession of the vehicle at all times. They made no effort to conceal or transfer it, other than by granting the PMSI that, through no fault of the Debtors, Toyota failed to successfully perfect. The trustee took no timely action to object to the Debtors' claimed exemption. Additionally, the trustee did not avoid or preserve Toyota's lien. Furthermore, although the Debtors' grant of the security interest was voluntary, there is nothing in the record to suggest that the Debtors' conduct was tainted by fraud or bad faith. The trustee was on notice of the Debtors' exemption from the beginning and was informed at the first creditors' meeting that the validity of Toyota's lien was questionable.

These are very different circumstances from those presented in *Duncan*. Using *Duncan's* rationale here, to disregard the trustee's failure to timely object is inappropriate. We think *Duncan* means that when a trustee recovers fraudulently conveyed property that would otherwise be exempt by using the avoiding powers enumerated in § 522(g), a debtor cannot then benefit from his own misdeeds by claiming an exemption in it. It has no application here.

---

12. *Id.* at 1198.

13. *Id.*

14. *Id.* at 1200–1201.

15. *Id.* at 1204.

16. *Id.* at 1202.

17. *Id.* at 1203.

## IV. *Conclusion*

The trustee's claim that she recovered property for the estate that the Debtors voluntarily transferred is simply untenable. As we noted above, the trustee did not "avoid" the Toyota lien and, consequently, she failed to "preserve" it for the benefit of the estate. Instead, Toyota released the lien, rendering the vehicle unencumbered. When the trustee failed to timely object to the Debtors' exemption of the vehicle, she lost her right to contest the exemption's validity. The Supreme Court's decision in *Taylor v. Freeland & Kronz* dictates this result.[18] Because the trustee did not "recover" any property that was fraudulently conveyed, *In re Duncan* has no precedential or persuasive effect in this case.

For these reasons, we REVERSE the bankruptcy court's order and REMAND the case, directing the bankruptcy court to overrule the trustee's objection to the Debtors' exemption of $4,800 of the value of their vehicle.

MICHAEL, Bankruptcy Judge, Dissenting.

I respectfully dissent. The majority opinion appears to be based upon the following conclusions: (1) application of the ruling of the United States Court of Appeals for the Tenth Circuit in *In re Duncan* to the facts at bar is inappropriate; (2) the fact that Toyota voluntarily released its lien defeats the automatic lien preservation provisions of § 551; and (3) in order to preserve any claim she might have had to the vehicle, the trustee was required to file an objection to the Debtors' claim of exemption within 30 days of the first meeting of creditors or forever hold her peace. In my view, the bankruptcy court correctly applied both § 522(g) and the principles set forth in *Duncan* to the facts at bar.

Section 522(g)(1) provides:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
>
> > (1) (A) such transfer was not a voluntary transfer of such property by the debtor; and
> >
> > > (B) the debtor did not conceal such property . . . . [1]

The test under § 522(g)(1) has two prongs: in order for a debtor to be allowed to claim property recovered by a bankruptcy trustee as exempt, the debtor must not have voluntarily conveyed the property, *and* the debtor must not have concealed the property. If the debtor fails to satisfy either of these requirements, he or she may not claim the property as exempt.

In the eyes of the majority, central to the ruling in *Duncan* is the finding that the debtor in that case acted with fraudulent intent.[2] I disagree. As noted in *Duncan*, "[t]he plain language of section 522(g)(1) provides that a debtor cannot assert any exemption in property a trustee recovers after the debtor's voluntary

---

**18.** 503 U.S. 638, 643–44, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

**1.** § 522(g)(1).

**2.** *See Opinion, supra,* at 533 ("We think *Duncan* means that when a trustee recovers *fraud-*

*ulently conveyed* property that would otherwise be exempt by using the avoiding powers enumerated in § 522(g), a debtor cannot then benefit from his own *misdeeds* by claiming an exemption in it. It [*Duncan* ] has no application here." (emphasis added)).

transfer of the property." [3] The court in *Duncan* went on to state that " 'the purpose of section 522(g) is to prevent a debtor from claiming an exemption in recovered property which was transferred in a manner giving rise to the trustee's avoiding powers, where the transfer was voluntary or where the transfer or property interest was concealed.' " [4] There simply is no requirement, under either § 522(g) or *Duncan*, that a debtor engage in fraudulent or otherwise improper conduct in order for a trustee to avail herself of the powers bestowed under § 522(g). There need only be a voluntary transfer of an interest in property subject to the trustee's avoiding powers.

Several bankruptcy courts have held that the granting of a security interest in a motor vehicle constitutes a transfer for purposes of § 522(g)(1).[5] The parties have cited and our research has uncovered no contrary authority. Therefore, this judge concludes that, as a matter of law, the granting of the lien in the vehicle to Toyota constitutes a voluntary transfer of an interest in the vehicle for purposes of § 522(g)(1).

There is also no dispute that the transfer of the security interest in the vehicle is an avoidable transfer under § 544.

> [T]he Bankruptcy Code grants [a] Trustee greater rights than the Bank had against Debtor's vehicle outside bankruptcy. Trustee's strong-arm powers under § 544 allow him to preserve the value of an unperfected lien for the ben-

efit of the bankruptcy estate. Debtor's pre-petition rights remain the same post-petition as she had voluntarily granted the lien, even though the Bank had failed to perfect it. The Bank's rights are also preserved as its lien was not perfected and therefore not effective against subsequently perfected liens. Trustee has the rights of a creditor with a later-perfected lien. The Code allows the Trustee to avoid the unperfected lien and distribute the proceeds equally to all unsecured creditors of the bankruptcy estate.[6]

Thus we have the elements of a *prima facie* case for granting the trustee's objection to exemption and preserving the value of the vehicle for the benefit of all creditors of the bankruptcy estate. The majority defeats the *prima facie* case on the grounds that the lien in the vehicle was released instead of avoided and that the trustee failed to timely object to the claimed exemption.

Section 522(g) requires that a bankruptcy trustee "recover" property in order for the provisions of that section to be triggered. The term "recover" is not defined in the Bankruptcy Code. Debtors take the position that a trustee must file an adversary proceeding in order to invoke the powers granted to her under § 544, relying upon *In re Canney*, a decision of the United States Court of Appeals for the Second Circuit.[7] Debtors' reliance upon *Canney* is misplaced. In *Canney*, the central issue was not lien avoidance, but whether the time frame during which a

---

3. 329 F.3d 1195, 1199 (10th Cir.2003).

4. *Id.* at 1201 (quoting *In re Glass*, 164 B.R. 759, 764 (9th Cir. BAP 1994), *aff'd,* 60 F.3d 565 (9th Cir.1995)).

5. *See, e.g., In re Carter,* 343 B.R. 270, 272 (Bankr.W.D.Okla.2006) ("Courts have held that when a debtor grants a security interest in a vehicle to a bank, with the ensuing nota-

tion of the bank's lien on the title to the vehicle, that constitutes a voluntary transfer."); *In re Hicks,* 342 B.R. 596, 599 (Bankr. W.D.Mo.2006) (same).

6. *In re Buelow,* 287 B.R. 446, 449 (Bankr. N.D.Iowa 2002).

7. *In re Canney,* 284 F.3d 362 (2d Cir.2002).

debtor could avail himself of his equity of redemption rights under Vermont law was subject to the automatic stay provisions of § 362(a) or the automatic tolling provisions of § 108(b). In a fallback argument, the debtor contended that he, as a debtor-in-possession, was entitled to assert "strong-arm" powers under § 544(a)(1), and that such rights gave the debtor a superior position over duly recorded mortgage interests.[8] The *Canney* court expressly found that § 544(a)(1) was not applicable to the facts of the case, and noted in *dicta* that an adversary proceeding must be filed in order to exercise such "strong-arm" powers.[9] The issue of whether an adversary proceeding or contested matter must be filed when the opposing party concedes the avoidability of the transfer is conspicuously absent in *Canney.*

Debtors ignore those cases which hold that a trustee can recover property for purposes of § 522(g)(1) without the necessity of litigation.[10] I find those cases well-reasoned and based in practicality and reality. Consider the analysis of the Ninth Circuit Bankruptcy Appellate Panel in *Glass:*

> In the bankruptcy context, a trustee may "recover" fraudulently transferred property in several ways: by initiating a formal adversary proceeding, by obtaining a judgment in his or her favor in that adversary action, *or merely by using the threat of the avoidance powers to convince a debtor or third party transferee to return the property to the estate.* Thus, it would appear that the word

"recovers" does not necessarily require that the trustee regain possession of the property through a formal legal action.[11]
The panel went on to

> hold that where a debtor voluntarily transfers property in a manner that triggers the trustee's avoidance powers or the debtor knowingly conceals a prepetition transfer or an interest in property, and such property is returned to the estate as a result of the trustee's actions directed toward either the debtor or the transferee, the debtor is not entitled to claim an exemption under § 522(g)(1). It is not necessary for the trustee to commence a formal adversary proceeding or obtain a final judgment to prevail on an objection to a debtor's claim of exemption pursuant to § 522(g)(1).

> A trustee, however, must present sufficient facts upon which a bankruptcy court could reasonably conclude that a debtor transferred property in such a manner as to invoke the trustee's avoidance powers under §§ 510(c)(2), 542, 543, 550, 551 or 553, the transfer was voluntary or the debtor knowingly concealed the transfer or an interest in the property, and the property was returned to the estate as the result of the trustee's efforts, not limited to actions directed toward the transferee.[12]

The analysis of the Bankruptcy Appellate Panel was expressly approved by the United States Court of Appeals for the Ninth Circuit.[13] In *Hicks,* the creditor did not contest that it had failed to properly perfect its lien, and no adversary proceeding

---

**8.** *Id.* at 373–74.

**9.** *Id.* at 374.

**10.** *See, e.g., In re Glass,* 164 B.R. 759, 764–65 (9th Cir. BAP 1994), *aff'd,* 60 F.3d 565 (9th Cir.1995); *In re Hicks,* 342 B.R. 596, 600 (Bankr.W.D.Mo.2006); *In re Ulrich,* 203 B.R. 691, 693 (Bankr.C.D.Ill.1997).

**11.** *Glass,* 164 B.R. at 763 (emphasis added).

**12.** *Id.* at 764–65.

**13.** 60 F.3d 565, 568–69 (1995).

or contested matter was ever filed against said creditor. In holding that the trustee had "recovered" the property for purposes of § 522(g)(1), the bankruptcy court stated that

> 'The Code allows the Trustee to avoid the unperfected lien and distribute the proceeds equally to all unsecured creditors of the bankruptcy estate.'

> Sometimes, the trustee is required to take affirmative and formal action to force the unperfected lienholder to recognize this reality, but in some cases, where the lien is patently unperfected, the creditor will yield to the trustee without much effort on the part of the trustee. I agree with those courts that have held that such property comes into the estate pursuant to the trustee's powers, even if the trustee seems relatively passive in causing that to happen. In effect, so long as the trustee asserts the estate's interest in the property when faced with an unperfected or otherwise avoidable lien, the property has been recovered by the trustee, and the debtor may not claim such property as exempt.[14]

In *In re Ulrich,* the creditor sought relief from the automatic stay to enforce its security interest in an automobile.[15] Debtor opposed the motion on the basis that the creditor's lien upon the vehicle was unperfected. The bankruptcy court agreed, and denied the motion. Some time thereafter, the trustee obtained the title to the vehicle from the creditor, albeit without the commencement of litigation. The court found that the trustee's efforts in "following up" on the issue of non-perfection and obtaining the vehicle constituted "recovery" for purposes of § 522(g)(1).[16]

In the present case, "[t]he trustee retained Melville Dunn to represent the estate to pursue a preferential transfer which resulted in Toyota conceding and releasing the lien."[17] Counsel was successful in convincing Toyota to surrender its lien position without a fight. Given that Toyota's lien was clearly unperfected, any litigation would have been pointless. Surely there is no reason to punish the trustee for securing the services of a persuasive advocate. The fact that Toyota conceded defeat does not mean that the trustee did not recover the vehicle. A ruling to the contrary would create needless litigation and crowd the dockets of the bankruptcy courts with contested matters and adversary proceedings when no real dispute existed.

The majority supports reversal by relying upon the fact that Toyota released its lien, rather than assigning it to the trustee or consenting to an order of avoidance. I am not persuaded. The legal effect of the lien release by Toyota was the same as if an order avoiding the lien had been entered; namely, the cloud upon title to the vehicle which existed as a result of Toyota's lien was lifted.[18] Toyota provided the trustee with the same result as if the trustee had litigated and won.[19] Under § 551, preservation of an avoided lien for

---

14. *Hicks,* 342 B.R. at 600 (quoting *In re Buelow,* 287 B.R. 446, 449 (Bankr.N.D.Iowa 2002)).

15. 203 B.R. 691 (Bankr.C.D.Ill.1997).

16. *Id.* at 693.

17. *Order, in* Appellants' Appendix at 020.

18. The record establishes that Toyota had recorded its lien upon the certificate of title to the vehicle but had failed to do so in a timely fashion. *See* Appellants' Appendix at 7–A.

19. In its decision, the bankruptcy court characterized the actions of Toyota as "conceding" that its lien on the vehicle was subject to avoidance. *See Order, in* Appellants' Appendix at 020.

the benefit of the estate is *automatic;* the trustee need take no steps to preserve her position.[20] To suggest that the trustee (and, in reality, the creditors of the bankruptcy estate) should lose because a particular method of lien elimination was chosen is to elevate form over substance. Moreover, it does not appear that this issue was raised before the bankruptcy court. It is well settled that an appellate court will not entertain an issue that was not first presented to the trial court.[21] For each of these reasons, I am uncomfortable with the majority's reliance upon the fact that Toyota released its lien to support reversal of the bankruptcy court.

Finally, I do not agree with the majority's position that the trustee was required to file an objection to the claimed exemption in the vehicle within 30 days of the first meeting of creditors. This argument was squarely rejected by the court in *Duncan:*

> We believe the better view is that of the *Levine* court. The debtors in that case voluntarily and fraudulently transferred non-exempt assets to various insurance companies to purchase annuities that were exempt from creditors' claims under state law, and the court permitted the trustee to set aside the transfer notwithstanding the trustee's failure to object under Rule 4003(b). The *Levine* court found that the trustee's actions were subject to the two-year statute of limitations governing adversary proceedings under the trustee's avoidance powers, 11 U.S.C. § 546(a)(1)(A). The

*Levine* court reasoned that the trustee's actions were not subject to the 30–day limitations period governing objections to claimed exemptions because the trustee was not contesting the exemptions *per se;* pursuant to 11 U.S.C. § 544(a), he was seeking instead to avoid the transfer of property by the debtor.

> We find the *Levine* court's rationale persuasive. Were we to hold otherwise, the two-year limitations period of section 546(a)(1)(A) would effectively become a 30–day limitations period, thereby rendering the provision meaningless.[22]

The *Duncan* court went on to expressly "*hold* that [a] Debtor is not entitled to claim a homestead exemption in property voluntarily transferred and recovered by the Trustee in an adversary proceeding, notwithstanding the Trustee's failure to object within the 30–day period of [Rule] 4003(b)." [23]

The differences between this case and *Duncan* are that the debtor in *Duncan* acted fraudulently, and that litigation was required to set aside the fraud. These differences do not in my opinion render *Duncan* inapplicable to the case at bar. In both cases there were voluntary transfers of property, and in both cases the trustee recovered the property using his or her statutory powers. I believe the bankruptcy court reached the correct result and would therefore affirm the decision.

---

**20.** *See* § 551; *see also Morris v. Vulcan Chem. Credit Union (In re Rubia),* 257 B.R. 324, 327 (10th Cir. BAP 2001), *aff'd,* 23 Fed.Appx. 968 (10th Cir.2001); *Morris v. Citifinancial (In re Trible),* 290 B.R. 838, 844 (Bankr.D.Kan. 2003).

**21.** *See Employers Reinsurance Corp. v. Mid–Continent Cas. Co.,* 358 F.3d 757, 769 (10th

Cir.2004) (quoting *Hynes v. Energy W., Inc.,* 211 F.3d 1193, 1201–02 (10th Cir.2000)).

**22.** *In re Duncan,* 329 F.3d 1195, 1203 (10th Cir.2003) (footnote omitted).

**23.** *Id.* at 1204 (emphasis added).